(March 11, 1911. )

## In Re HENRY SCHRIBER and EARL D. HAGGERTY.

[114 Pac. 29.]

HABEAS CORPUS—ADMISSION TO BAIL—ADMISSION TO BAIL PENDING APPEAL—WHEN MATTER OF RIGHT OR OF DISCRETION.

(Syllabus by the court.)

1. The constitution of this state, sec. 6, art. 1, which provides that "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption

great," has reference only to those cases in which the party has not yet had a trial, and applies to all persons prior to conviction, but does not refer to cases wherein a conviction has been had in a court of competent jurisdiction.

2. Where a constitutional provision has been adopted from another state and the court of last resort of such state had construed the provision in that state prior to its adoption in this state, the presumption arises that the framers of the constitution in adopting such provision meant and intended to also adopt the construction that had been placed upon it by the highest court of the state from which it was taken.

3. Under the provisions of sec. 8104, Rev. Codes, a defendant who has appealed to the supreme court from a judgment imposing a fine only is entitled to bail as a matter of right; but where a defendant appeals from a judgment which imposes a term of imprisonment, admission to bail is a matter of discretion.

4. Where a defendant who has been convicted and sentenced to serve a term of imprisonment appeals from such judgment and applies to the trial judge for admission to bail, such application is addressed to the sound legal discretion of such judge or court, and unless it clearly appears that such discretion has been abused, the action of the trial judge or court will not be disturbed or interfered with by the supreme court on application for a writ of *habeas corpus*.

Original application for writs of *habeas corpus.* After hearing, it is ordered that the petitioner, Schriber, be admitted to bail by the district judge; and the application of Haggerty denied, and he is remanded to the custody of the sheriff of Bear Lake county.

John A. Bagley, K. I. Perky, T. L. Glenn and E. J. Hornibrook, for Plaintiffs.

The defendant Schriber should be released upon this application for a writ of *habeas corpus.* He was only sentenced to pay a fine of $250, and under the statute (sec. 8104) he is entitled to bail as a matter of right. The judge had absolutely no authority to annul or set aside the order admitting him to bail.

In the case of the defendant Haggerty, the common-law rule making it discretionary with the court or judge to admit the defendant to bail after conviction pending appeal was ab-

rogated by the provisions of art. 1, sec. 6, of our constitution. We think that the constitution should be construed literally, and held to mean that all persons, except in capital cases, should be entitled to bail until the court of last resort has affirmed the verdict of guilty; that it was the intention of the framers of our constitution to permit all persons, excepting those especially excepted, to be admitted to bail until they had been finally found guilty by the court of last resort; that the only discretion the court or judge to whom application for bail is made should have is to fix the amount of the bail which he or it deems necessary to secure the attendance of the defendant and have him surrender himself in execution of judgment in case the judgment of conviction is finally sustained. (*In re Neil*, 12 Ida. 749, 87 Pac. 881; *In re Hoge*, 48 Cal. 3; *People v. Perdue*, 48 Cal. 553; *In re Adams*, 81 Cal. 167, 22 Pac. 547; *Lybecker v. Murray*, 58 Cal. 189.)

D. C. McDougall, Attorney General, J. H. Peterson and O. M. Van Duyn, Assistants, for the State.

Sec. 6, art. 1, of our constitution was bodily borrowed from the constitution of California, and as early as 1871 the California supreme court, in the case of *Ex parte Voll*, 41 Cal. 29, passed upon the said section, and held that the same applied only to cases where application for bail was made before conviction in the lower court was had; that the said section had no application whatever to bail pending appeal to the supreme court. This case of *Ex parte Voll* has been ever since rigidly adhered to by the supreme court of California in a long line of cases. This was the well-known construction placed upon this section at the time it was adopted by the framers of our constitution, and under the well-known rule of this court, the framers of our constitution adopted along with the said section the interpretation that had been placed thereon by the supreme court of California.

Our legislature also borrowed from California, sec. 8104, Rev. Codes, providing that, "After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail: First, as a matter of right when the

appeal is from a judgment imposing fine only; secondly, as a matter of discretion in all other cases.'' The constitutionality of this section was before the court of California in the Voll case, and in that case the said supreme court reconciled the said section with the provision of the constitution above referred to.

AILSHIE, Presiding J.—Two petitions have been filed for writs of *habeas corpus*. In the one case it appears that Henry Schriber was convicted of a violation of the local option statute and was sentenced to pay a fine of $250, or in default thereof to be imprisoned in the county jail for one day for each two dollars of such fine. He thereupon took an appeal from the judgment and on application to the trial judge was admitted to bail.

Haggerty was likewise convicted of violation of the local option statute, and was sentenced to pay a fine, and also to serve a term of imprisonment in the county jail. On application to the trial judge he was granted a certificate of probable cause and was admitted to bail. The appeals were taken in these cases in June, 1910. Up to the present time, however, the records on appeal have not been filed in this court.

There has been apparently some delay in the matter of prosecuting the appeal. On the 1st day of March, 1911, Hon. Alfred Budge, judge of the district court, and from whose district these convictions were had, made an order revoking the previous order admitting both parties to bail, and directed the sheriff to arrest them and commit them to the county jail. The order recited that the defendants are not prosecuting their appeals with diligence and in good faith. Counsel for the parties insist that under the provisions of sec. 6 of art. 1 of the state constitution, all persons are bailable as a matter of right, except in capital cases, and that this is true both before and after conviction, provided an appeal is prosecuted.

Sec. 6, art. 1 of the constitution reads as follows: ''All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great. . . . .''

The constitution of California contains a like provision, and sec. 6 of art. 1 of our constitution was evidently adopted from the California constitution. As early as 1871, the supreme court of California in *Ex parte Voll,* 41 Cal. 29, passed upon this provision of the California constitution, and held that it applied to all persons prior to conviction, but that it had no reference to any person after a conviction by a court of competent jurisdiction and pending an appeal. This case has been uniformly followed and approved by the California court ever since that time, as may be seen by an examination of the following cases: *Ex parte Hoge,* 48 Cal. 5; *Ex parte Smallman,* 54 Cal. 36; *Ex parte Brown,* 68 Cal. 177, 8 Pac. 829.

According to the rule heretofore announced by this court in *Stein v. Morrison,* 9 Ida. 426, 75 Pac. 246, "When a statutory or constitutional provision is adopted from another state, where the courts of that state have placed a construction upon the language of such statute or constitution, it is to be presumed that it was taken in view of such judicial interpretation, and with the purpose of adopting the language as the same had been interpreted and construed by the courts of the state from which it was taken."

The courts of this state would be most strongly inclined to follow the interpretation placed upon the like constitutional provision by the California court prior to our adoption of the same. This construction appeals to us as being reasonable and just, and fairly within the contemplation of the framers of the constitution. It would certainly be disastrous if we should hold that this provision of the constitution grants to a person convicted of crime the absolute right to be admitted to bail pending appeal, irrespective of the merits of the case.

Turning, now, to the statutes, we find that sec. 8104 of the Rev. Codes provides as follows:

"After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:

"1. As a matter of right, when the appeal is from a judgment imposing a fine only.

"2. As a matter of discretion in all other cases."

It would seem clear that under the provisions of the foregoing statute, the defendant Schriber is entitled by statute to be admitted to bail until his appeal is finally disposed of. Whether his appeal be in good faith or not must be ultimately determined by this court. If he fails to prosecute it with diligence, it may be dismissed on motion by proper showing in this court; but until the appeal is disposed of, either by being dismissed or determined on its merits, he is clearly entitled to admission to bail. This court will therefore order and direct the trial judge to admit the petitioner Schriber to bail in such sum as he may deem just and sufficient to insure his appearance for final judgment in the case.

A somewhat different question arises with reference to the petitioner Haggerty. He has been sentenced both to pay a fine and to serve a term of imprisonment. Under the provisions of sec. 8104, above quoted, the admission to bail in such a case after conviction is "a matter of discretion." The trial judge exercised his discretion in admitting the petitioner to bail. For some reason the judge subsequently concluded that he should no longer be admitted to bail. So far as we are informed by the petition, the trial judge bases this conclusion on the fact that the petitioner is not prosecuting his appeal in good faith. We would not feel justified in interfering with the discretion of the trial judge under the facts and circumstances as they present themselves to us in this petition. The petitioner can again apply to the judge for admission to bail, and if he can possibly convince the judge of his good faith in the prosecution of his appeal and the merits thereof, he may be again admitted to bail. He has also applied to this court for admission to bail in the event the court does not see fit to release him from custody, but we are not inclined to do so. We are not familiar with the situation and the circumstances of the petitioner, and we think that is a matter with which the trial judge can deal more justly and wisely. He is familiar with the parties and their ability to give bail, and

also knows the facts surrounding the commission of the offense for which he was convicted.

The trial judge is directed to admit the petitioner Schriber to bail pending the appeal.   The application of the petitioner Haggerty is denied.

Sullivan, J., concurs.