[Filed February 26, 1917.]

[163 Pac. 264.]

## Re PAUL WELISCH.

1. BAIL—BEFORE CONVICTION.—Constitution, article 2, section 22, provides that all persons charged with crime shall be bailable, except for capital offenses, when the proof is evident or the presumption great. Penal Code of 1913, section 1188, provides that a defendant charged with an offense punishable with death cannot be admitted to bail, where the proof of crime is evident, or the presumption

great. Section 1189 provides, if the charge is for "any other offense," accused may be admitted to bail before conviction as a matter of right. The people of Arizona adopted an initiated measure abolishing capital punishment for murder. *Held*, there being no longer any offense punishable with death, section 1189 provides in effect that any person charged with crime may be admitted to bail before conviction as a matter of right, for the law-making power can enlarge the constitutional grant, so as to include persons convicted of crime and give to such persons in all cases the right to be admitted to bail on appeal.

2. BAIL — AFTER CONVICTION — "DISCRETION."—Under Penal Code of 1913, section 1190, providing for bail after conviction in the court's discretion, except in cases of fine, the discretion to be exercised is such as was exercised at common law, with the modifications wrought by constitutional and statutory provisions, controlled by certain well defined and established rules, and guided by the spirit, principles and analogies of the law to be gleaned from the precedents; a sound legal discretion, as distinguished from a wild whimsical discretion, or mere vague power, to be exercised only at the whim and caprice of the judge, because he may have the humor to bestow a favor upon one person as a mark of friendship and withhold it from another as a mark of displeasure.

3. BAIL—EFFECT OF GRANTING CERTIFICATE OF REASONABLE GROUNDS FOR APPEAL.—Under Penal Code of 1913, sections 1160–1162, as to certificate of reasonable grounds for appeal, the granting of such certificate does not entitle accused to bail as matter of right.

4. CRIMINAL LAW—APPEAL AND ERROR—CERTIFICATE OF REASONABLE GROUND FOR APPEAL.—Under such statutes, a certificate of reasonable grounds for appeal should not be granted in misdemeanor cases, it not being contemplated by the law, and, if granted, does not stay the execution of the judgment.

5. BAIL—SUPREME COURT—ORIGINAL APPLICATION FOR BAIL.—Original application for bail should not be made in the supreme court; that court being loath to interfere with the discretionary powers in granting or denying bail, since these are functions belonging peculiarly to the trial judge, who has greater familiarity with the controlling facts.

6. BAIL—REVIEW—DISCRETION OF TRIAL COURT.—In an exceptional case, where the trial judge acts capriciously, or arbitrarily refuses to act, and with no regard for a sound discretion, the supreme court would be bound to interfere in an appropriate proceeding to review the exercise of such discretion.

Original application for admission to bail. Application denied.

Messrs. Doan & Doan, for Applicant.

FRANKLIN, C. J.—This is an application to this court that the defendant, Paul Welisch, be admitted to bail pending an appeal. It appears that the defendant was convicted of the crime of violating the prohibition law. This crime is a misdemeanor under the constitutional amendment, the penalty denounced being both a fine and imprisonment. The trial court adjudged the defendant to suffer imprisonment in the county jail for a period of fourteen months, and that he pay a fine of $300. His motion for a new trial was overruled and an appeal taken, which in contemplation of law is pending in this court. The judge of the superior court granted the defendant a certificate of reasonable grounds for the appeal, but the court denied the privilege of bail pending the determination thereof, and defendant is now confined in the jail of Cochise county. The reasons given by the trial court for denying bail after conviction appear in the papers presented on the present application to be as follows:

"The court being satisfied from the evidence in this case that there is no doubt of the actual guilt of the defendant, and a certificate of reasonable ground of appeal having been granted on a question of law, and not on the facts in the case. and there being several other charges pending against the defendant of the same general nature as the one on which he has been convicted, and there being no unusual or extraordinary circumstances in the opinion of this court in this case justifying the granting of bail after conviction and judgment, it is ordered that the bail be denied."

At common law bail is a matter of discretion. The court of king's bench division of the high court of justice, or a judge thereof in vacation, had an unlimited power of admitting to bail for all offenses, including treason and murder, but bail was not demandable as a right. This rule of the common law has been materially modified by constitutional enactment and statutory provisions in this state, as well as in most other states of the Union.

"All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." Section 22, article 2, Constitution.

The people of Arizona at the last election, through the adoption of an initiated measure submitted to the voters, abolished

capital punishment for murder, so that now all persons charged with the crime of murder, however diabolical or atrocious it may be, and howsoever evident may be the proof of guilt thereof, as well as all other crimes not punishable with death, may, before conviction, demand admission to bail as a strict legal right, which no judge or court can properly refuse. The constitutional provision in Arizona and like provisions in other states of the Union make the admission to bail a matter of right before conviction, but, with the exception of certain cases, not afterward, because after conviction his status is materially changed before the law. Before conviction he "stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be." *Ex parte Voll*, 41 Cal. 29. See, also, *In re Haigler*, 15 Ariz. 150, 137 Pac. 423; *Ex parte Schriber*, 19 Idaho, 531, 37 L. R. A. (N. S.) 693, 114 Pac. 29; *Ex parte Dyson*, 25 Miss. 356; *Ex parte Heath*, 227 Mo. 393, 126 S. W. 1031; *State v. Ward*, 9 N. C. (2 Hawks) 443; *Ex parte Scwartz*, 2 Tex. App. 74; 1 Bailey on Habeas Corpus, § 113. On the other hand, there is much in the position that one convicted of crime, and who is given the right of appeal from such conviction, should not be denied his liberty pending his appeal, provided he is able to give reasonable bail while his matter awaits the action of the appellate court. But, however this may be, it is a matter to be determined by the legislature.

The law-making power can enlarge the constitutional grant, so as to include persons convicted of crime and give to such persons in all cases the right to be admitted to bail until an appeal, if any taken, shall be determined in the appellate court; but it has not been considered the part of wisdom to extend the right to all cases after conviction, the legislature having extended the right to one class only of cases after conviction which we shall presently discover. There being no longer any offense punishable with death, section 1189 of the Penal Code provides that any person charged with crime may be admitted to bail before conviction as a matter of right. Section 1190 of the Penal Code provides:

"After conviction of an offense . . . a defendant who has appealed may be admitted to bail: (1) As a matter of right, when the appeal is from a judgment imposing a fine only, (2) As a matter of discretion in all other cases."

Section 1191 of the Penal Code follows, with an enumeration of the conditions of the bail, both before and after conviction, of all bailable offenses. It follows, therefore, from a just and reasonable construction of the Constitution and statutes of this state, that bail before conviction and bail after conviction, pending an appeal from a judgment imposing a fine only, is a matter of absolute right, irrespective of the merits of the case; but in all other cases, pending an appeal, it is still left discretionary, to be exercised upon the circumstances appearing in the particular case. What, then, is the nature of the discretion in the exercise of which the application for bail is to be determined? It is such discretion as was exercised as at the common law, with the modifications wrought by the constitutional and statutory provisions in this state, controlled by certain well-defined and established rules, and guided by the spirit, principles and analogies of the law, to be gleaned from the precedents.

Of course, when the law gives to a court or judge a power to be exercised at discretion, it means a sound legal discretion. It does not mean a wild whimsical discretion—a mere vague power, to be exercised only at the whim and caprice of the judge, because he may have the humor to bestow a favor upon one person as a mark of friendship, and withhold it from another as a mark of displeasure. All persons have perfect equality before the law, whether rich or poor, powerful or abject, and the matter of allowing bail after conviction, as in all matters calling for the exercise of discretion by a court or judge, must be legally and regularly exercised, so that all persons in like circumstances may have its benefit or be subject to its denial, that on the one hand it may not be capriciously granted and on the other arbitrarily withheld.

" 'Discretion' of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide an act in accordance with what is fair, equitable and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided by the spirit, principles and analogies of the law, to

be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law." Words and Phrases (2d Series), Vol. 2, p. 64.

"The discretionary power of the court to admit to bail is not arbitrary, but is judicial, and governed by established principles and precedents. A series of decisions have been provided for its guidance, and these demonstrate that this power is not of an arbitrary, but of a sound, discretion, and is to be confined within those limits to which an honest man competent to discharge the duties of his office ought to confine himself." 3 R. C. L., § 4.

At common law, after conviction, bail was allowed with the greatest caution, and only where circumstances of an exceptional or extraordinary character had intervened to make such action appear proper, such as one or more mistrials, unusual delay in the retrial of the prisoner's case, conditions likely to affect seriously or fatally the prisoner's health by reason of his confinement, or the acquiescence of the prosecutor in the application. Other circumstances might be suggested, distinguishing a particular case from the general mass of cases, as appealing to the discretion of the court. But the "court ought not to admit to bail after a verdict of guilty, unless when circumstances of extraordinary character had intervened since the conviction." *Ex parte Brown,* 68 Cal. 176, 183, 8 Pac. 829, 833.

It is urged on this application, however, that the defendant, having procured from the trial judge a certificate of reasonable grounds for the appeal, is entitled as a matter of right and without further showing to be let to bail, pending his appeal from the judgment of conviction. By the Penal Code of this state it is provided:

"Sec. 1160. An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of the chief justice or a judge of the supreme court, that, in his opinion, there is reasonable ground for the appeal, but not otherwise.

"Sec. 1161. If the certificate provided for in the preceding section is filed, the sheriff must, if the defendant be in his custody, upon being served with a copy thereof, keep the

defendant in his custody without executing the judgment and detain him to abide the judgment on appeal.

"Sec. 1162. If, before the granting of the certificate, the execution of the judgment has been commenced, the further execution thereof is suspended, and, upon service of a copy of such certificate, the defendant must be restored by the officer, in whose custody he is, to his original custody."

It is to be observed, from a consideration of these provisions of the Penal Code, that there exists a marked difference between the function of a certificate of reasonable grounds for appeal and a submission to the court's discretion in the matter of letting to bail. When capital offenses existed in this state, the mere taking of an appeal prevented the hanging of the defendant, and in cases of other felonies the taking of an appeal, coupled with a certificate of reasonable grounds therefor, prevented the removal of the prisoner to the penitentiary, there to undergo the degrading imprisonment denounced against the perpetration of crime, until his case was finally determined adversely to him in the appellate court. In other words, it was a mere legislative respite, staying the execution of the judgment, in the one case because the hanging would defeat the purpose and right of appeal, and in the other to prevent an infamous corporeal punishment until the legal remedies given the prisoner were exhausted; but in neither case do such statutes provide for the discharge of the convict from custody. There may be many cases where, after conviction, a certificate of reasonable grounds for appeal would be granted to stay the execution of the judgment, in which the circumstances of the particular case would not appeal to the sound discretion of the court in the matter of letting to bail. These statutory provisions are very plain. The statutory provisions of Utah, identical with those of this state, were before the court in the case of *Clawson* v. *United States*, 113 U. S. 143, 28 L. Ed. 957, 5 Sup. Ct. Rep. 393. In that case Mr. Justice HARLAN, speaking for the supreme court of the United States, said:

"These statutory provisions so clearly indicate the legislative intent that no room is left for interpretation. As the judgment did not impose upon the appellant a fine only, his admission to bail, pending the appeal from that judgment, was not a matter of right, but was distinctly committed, by

the statute, to the discretion of the court or judge to whom the application for bail may be made. The exercise of that discretion is not expressly nor by necessary implication forbidden in cases in which the certificate of probable cause is granted; for, by the statute, that certificate only operated to suspend the execution of the judgment of conviction, requiring the officer having the accused in charge to retain him in his own custody to abide the judgment on appeal. We do not mean to say that the granting of such a certificate is not a fact entitled to weight in the determination of an application for bail, but only that the statute does not make it so far conclusive of the question of bail as to prevent the court from considering every circumstance which should fairly and reasonably control or affect its discretion. Whether the supreme court of the territory abused its discretion in the present case is a question not presented by the record before us; for it does not contain any finding of facts, nor the evidence (if there was any apart from the record of the trial, and of the proceedings upon the first application for bail) upon which the court below acted. Its judgment denying bail cannot therefore be reversed, unless, as contended by appellant, the certificate of probable cause necessarily carried with it the right to bail, and deprived the court of all discretion in the premises. But that construction of the statute is not, we think, admissible.''

In view of the clear legislative intent of these statutes, it is plain that the granting of a certificate of reasonable grounds for the appeal in misdemeanor cases is improvident, and not contemplated by the law, and therefore of no effect to stay the execution of the judgment. If we were to hold that such a certificate was allowable in this class of cases, we must hold that its only effect would be to stay the execution of the judgment. Obviously this ought not to be done, for a prisoner convicted of a misdemeanor might in such case be kept in confinement in the county jail pending the determination of his appeal without the benefit of such period of time being allowed in satisfaction of the judgment against him. In misdemeanor cases, as well as in felony cases, when an appeal is taken, the fact that reasonable grounds of appeal exist would have weight with the court in determining the application for bail; but the fact alone that reasonable grounds

of appeal appear to the judge to exist in a misdemeanor case, and the fact alone that a certificate of reasonable grounds for the appeal had been granted in a felony case, is not "so far conclusive of the question of bail as to prevent the court from considering every circumstance which would fairly and reasonably control or affect its discretion."

Original application for bail ought not to be made to this court, for we would not feel justified in arrogating to ourselves, or in interfering with, discretionary powers which are peculiar functions belonging to the trial judge in such cases. As observed in *Ex parte Schriber, supra:*

"We are not familiar with the situation and the circumstances of the petitioner, and we think that is a matter with which the trial judge can deal more justly and wisely. He is familiar with the parties and their ability to give bail, and also knows the facts surrounding the commission of the offense for which he was convicted."

Of course, if the circumstances of the particular case are exceptional, and the trial judge acts capriciously, or arbitrarily refuses to act, and with no regard for a sound discretion, in other words, not confining himself "within those limits to which an honest man, competent to discharge the duties of his office, ought to confine himself," then, in an appropriate proceeding to review the exercise of such discretion, this court would be bound to interfere.

No circumstances are made to appear here authorizing the admission of the applicant to bail, and it is therefore ordered that said application be and the same is hereby denied.

ROSS, J., concurs.

CUNNINGHAM, J. (Specially Concurring).—I do not agree with the interpretation placed upon the criminal statutes by the Chief Justice, as the statutes exist in this state, as they are dealing with the right to bail, and thereby relate to section 22, article 2, state Constitution. Whatsoever effect may be otherwise given to legislation, such legislation cannot be given the effect of amending the Constitution of the state. As the question of bail in capital offenses before conviction, or at all, is not involved in this original proceeding, and only the question of the right to bail after conviction of a mis-

demeanor offense is involved, I express no opinion on the former question; that is, on the right to bail before or after conviction of a capital felony.

I do not concur in the decision in so far as it holds that paragraphs 1160, 1161 and 1162, Penal Code of Arizona of 1913, do not contemplate the granting of a certificate of reasonable grounds for appeal in misdemeanor cases. Paragraph 1160 is broad enough in language to, and expressly does, provide for the giving of such certificate *in all cases other than capital convictions.* Certainly a conviction in a misdemeanor charge is embraced within the expression ''all other cases.'' That the granting by the trial judge of the certificate of reasonable grounds for appeal has the effect in misdemeanor convictions of staying the execution of the judgment is, to my mind, no sufficient reason for holding that the legislative intent is violated by granting the certificate and staying the execution of the judgment. On the other hand, if an appeal is perfected, and the execution of the judgment is not arrested, the appellant must suffer punishment in any event. A reversal in the appellate court is of no benefit to him in case his punishment is completed before the conviction has been reversed. If only a portion of the punishment has been inflicted at that time, can he be again tried, and a second punishment be imposed? That question is not involved in this cause. To a certainty, if the law of Arizona makes no provision for the stay of execution in misdemeanor convictions pending appeal, persons so convicted are deprived of the benefit of an appeal, and therefore are deprived of an appeal when convicted of misdemeanor offenses. Section 24, article 2, state Constitution, grants in all criminal prosecutions, *''the right to appeal in all cases.''*

The right to bail after conviction of a misdemeanor offense, pending an appeal, is another and different matter, and the matter this proceeding was commenced to determine. Whether bail in such case will be granted is left to the sound judicial discretion of the judge or court. Before a court or judge exercises such discretion, admitting the applicant to bail, the grounds moving the legal discretion should clearly appear from the facts and circumstances established and relied upon as the grounds of the applicant's right to bail. The facts established at the trial by evidence may or may not be sufficient. The applicant may show the existence of

facts unknown at the trial, or which came into existence since the trial, that are legally sufficient to the exercise of such discretion. The calls of humanity, from sickness, and many other causes, have been deemed legally sufficient to authorize the courts to admit a convicted defendant to bail pending appeal of his case. I can see no reason to apply a harsher rule to a misdemeanor conviction than has been applied to a felony conviction.

I agree with the majority of the court that by the application for bail in this case the applicant has not shown grounds sufficient justifying this court in granting his prayer and admitting him to bail pending his appeal. For this reason alone, I concur in the order denying the application for admission to bail.

On the question of right to release on bail pending appeal under a general statute, see note in 37 L. R. A. (N. S.) 693.