Angus B. CHRISTENSON and Eleanor Christenson, husband and wife, and Eleanor Christenson, for her separate self, Plaintiffs,

v.

David H. CAMPBELL, Superintendent, et al., Defendants.

Civ. No. 71–100.

United States District Court, D. Arizona.

Aug. 11, 1972.

Delane C. Carpenter, Pima County Legal Aid Society, Tucson, Ariz., for plaintiffs.

Gary K. Nelson, Atty. Gen. of Ariz., on brief, John L. Jones, Asst. Atty. Gen., Phoenix, Ariz., for defendants.

## DECISION

Before KILKENNY, Circuit Judge, and WALSH and EAST, District Judges.[*]

EAST, Senior District Judge:

## PERTINENT ARIZONA STATUTES

Chapter 7, Title 28, Arizona Revised Statutes, is entitled "Uniform Motor Vehicle Safety Responsibility Act," and Article 4 thereunder is entitled "Proof of Financial Responsibility for the Future." Pertinent to this cause are the following sections which provide, inter alia:

"Sec. 1161. When a person fails . . . to satisfy a judgment,[1] it shall be the duty of the clerk . . . or judge of a court . . . to forward to the superintendent . . . a copy of the judgment."

"Sec. 1162 A. *The superintendent upon receipt of (the) . . . copy . . . shall forthwith suspend the license and registration . . . of . . . (the judgment debtor),* except as otherwise provided . . . in this section and § 1165."[2]

"Sec. 1162 B. *If the judgment creditor consents in writing . . . that the judgment debtor be allowed license and registration . . . privilege, the same may be allowed by the superintendent in his discretion . . . .*"

"Sec. 1163 A. *The license, registration . . . privilege shall remain suspended and shall not be renewed . . . until . . . such judgment is satisfied in full . . . .*"

"B. A discharge in bankruptcy . . . shall not relieve the judgment debtor . . . ."[3]

"Sec. 1165 A. *A judgment debtor upon . . . notice to the . . . creditor may apply to the court . . . (of entry) for the privilege of paying the judgment in installments and the court, in its discretion . . . (without prejudice to other creditor remedies) . . . may so order and fix the amounts and times . . . (installment payments).*"

"B. The superintendent shall not suspend . . . and shall restore any license, registration . . . privilege suspended . . ., when the . . . (debtor) . . . obtains an order permitting the payment . . . in

---

[*] Honorable John F. Kilkenny, Senior United States Circuit Judge for the Ninth Circuit, James A. Walsh, United States District Judge for the District of Arizona, and William G. East, Senior United States District Judge for the District of Oregon, constituting a statutory three-judge district court by designation of Chief Judge Richard H. Chambers for the Ninth Circuit, dated August 19, 1971.

1. "In Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963), the Supreme Court of Arizona held that '[t]he Financial Responsibility Act has for its principal purpose the protection of the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons.' 93 Ariz., at 280, 380 P.2d, at 140. The Arizona court has consistently adhered to this construction of its legislation, see (citing cases) . . . and we are bound by its rulings." Perez v. Campbell, 402 U.S. 637, p. 644, 91 S.Ct. 1704, p. 1708, 29 L.Ed.2d 233. "The sole emphasis in the Act is one of providing leverage for the collection of damages from drivers who either admit that they are at fault or are adjudged negligent." *Perez*, supra, p. 646, 91 S.Ct. p. 1710.

2. Sections 1162, subsecs. A and B, 1163, subsec. A and 1165, subsecs. A and C are italicized to denote sections under challenge of federal Constitution infringement herein.

3. This section was voided under the Supremacy Clause. *Perez*, supra, p. 656, 91 S.Ct. 1704.

installments, and while . . . not in default."

"C. *In the event the judgment debtor fails to pay an installment as specified by the order, then upon notice of the default, the superintendent shall forthwith suspend the license, registration . . . until the judgment is satisfied . . . .*"

## FACTUAL SITUATION OF PARTIES

It appears from counsel's written Stipulated Facts and the court finds that:

The plaintiffs Angus B. Christenson (Angus) and Eleanor Christenson (Eleanor), husband and wife, are citizens of Arizona, residing in the City of Tucson area;

The defendant David H. Campbell has been and is the Superintendent of the Motor Vehicle Division of the Arizona Highway Department, State of Arizona (Superintendent);

The defendant Gloria Kobzeff is a nominal party acting under the direction and supervision of the Superintendent;

On August 6, 1969, and for some time prior thereto Angus held a duly issued and valid motor vehicle driver's license and he, with Eleanor, were the community owners of an operating automobile, but registered under Angus' name alone;

On that date their son, Andrew B. Christenson (Andrew), age 18, was driving the automobile while alone and on his own pleasure and had an accident on an Arizona highway causing property damage and personal injury to other motorists;

The other motorists litigated in the proper Arizona court their claims for property damage and personal injury based upon active negligence on the part of Andrew and vicarious liability on the part of Angus and Eleanor, imposed by the Arizona "family purpose doctrine", resulting in judgment against Angus and Eleanor in the aggregate amount of $1,665.98 and that judgment remains unsatisfied in full; [4]

Upon receipt of notice of the unsatisfied judgment, the Superintendent invoked the provisions of Section 1162, subsec. A and on June 14, 1971, served Angus and Eleanor with notice of the driver's license and automobile registration suspensions;

On June 23, 1971, Angus surrendered his license and registration and has been continuously since denied his driver's license and registration solely because of the unsatisfied judgment and the operation of Sections 1162, subsec. A and 1163, subsec. A;

Eleanor has never held a driver's license, but her right to apply for the same and to register automobiles in her name alone was likewise suspended by the Superintendent for the same reason and cause;

Angus is and has been for many years steadily employed and presently has a family of eight dependents with more than average medical problems and expenses and need of private transportation for medical needs;

During the pertinent times Angus' monthly "take home pay" has been substantially in the amount of $552.72 after deduction for income taxes, health insurance and miscellaneous United States Government pay roll deductions and has total monthly expenses of $535.00;

Angus or Eleanor have not during pertinent times and do not now own any assets or property either in community

---

4. We have assumed throughout, without deciding the question, that the pertinent sections of Arizona statutes applied with equal force to vicariously liable (master-servant, family purpose doctrine, etc.) and actively negligent debtors alike.

The Liberty Universal Insurance Company, insurer of the judgment creditors, which paid the medical and property damages, is a subrogated insurance carrier to the extent of $1,165.98 of the judgment. We assume, without deciding, that subrogated insurance companies stand in the shoes of the original judgment creditors under the Act.

or separately, subject to execution under Arizona law;[5] and

There are two public transportation companies operating in the Tucson area with a combined total of sixteen regularly scheduled buses to serve a metropolitan population of approximately 360,000 and Angus has no reasonable public transportation from the area of his home and place of work and is totally dependent to a detriment upon others for such transportation.

## THESE PROCEEDINGS

Angus and Eleanor as husband and wife and Eleanor for her separate self, instituted this cause on July 30, 1971. They assert and claim inter alia that the suspension of Angus' duly issued motor vehicle driver's license and registration of motor vehicles, and Eleanor's privilege of applying for a driver's license and registration of automobiles [6] by the Superintendent pursuant to the provisions of Sections 1162, subsecs. A and B, 1163, subsec. A and 1165, subsecs. A and C, supra, lacks due process and is discriminatory on the basis of one's financial inability to pay and violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Angus and Eleanor in their respective capacities seek Declaratory Judgment and Injunctive Relief.

A Temporary Restraining Order favoring Eleanor's claim was entered herein on August 18, 1971. The respective parties have filed cross Motions for Summary Judgments.

## COURT'S JURISDICTION

Jurisdiction of this three-judge district court is noted under Title 28, U.S. C.A., Sections 2281 and 2284; Section 1343; Sections 2201 and 2202; and Title 42, U.S.C.A., Section 1983.

## ISSUES AND ABSTENTION

During counsel's argument, the court on its own motion raised the question of abstention and referral of some issues herein to the Arizona courts. It now appears under the present posture of this cause that no claim or issue is presented herein, either

  (a) under uncertain Arizona State law

  (b) subjecting the pertinent sections to a probable state judicial construction or interpretation negating the asserted United States Constitutional infringement.

  (c) jeopardizing a complex state statutory scheme of regulation or other proper police power protection,[7]

  (d) of unlawful delegation of legislative or police power to a private individual contra to Arizona Constitutional provision, or

  (e) involving fair or urgent consideration of comity in federal state relation.

Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

---

5. We make no finding of fact as to the worth of Angus or Eleanor or their respective ability to pay the judgment in full or in installments, and the foregoing recital as to take home pay and expenses and lack of assets is merely for the purpose of showing Angus' low income status which we assume.

6. Since the institution of this cause, the Superintendent has correctly rescinded his denial of Eleanor's rights as aforesaid, see *Perez*, supra, and has permitted her to register community automobiles in her name alone, and to apply for driver's

license. Stipulation of Fact XVIII and XXII. Eleanor's claims are now moot, and the Temporary Restraining Order entered herein on August 18, 1971, favoring her claims should be withdrawn.

7. Section 41 of the "Uniform Motor Vehicle Safety Responsibility Act" specifically provides for the severability of declared unconstitutional part or parts and non-effect thereof upon the validity of the remaining parts. *Perez*, supra; State ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970).

The controlling issues presented herein are whether the enforcement of any one or more of the challenged pertinent separate and severable sections of the Act against Angus violates the Due Process or Equal Protection Clauses of the Fourteenth Amendment.

█ It is concluded that abstention on the part of this court is neither meet nor proper. Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972); Lake Carrier's Ass'n v. Mac-Mullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

## DISCUSSION

At the threshold it is imperative to grade or evaluate a person's right or privilege to the continued use and enjoyment of a duly issued and valid driver's license or automobile registration.

"A combination of public and private policies (including the deteriorating public transportation system) have made use of an automobile an actual necessity for virtually everyone who must work for a living." Miller v. Anckaitis, 436 F.2d 115 (3rd Cir. 1970).

"Once (driver) licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. (citing cases) This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege' ". Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90.

█ According to the full thrust of *Bell*, neither are Angus' driving entitle-ments to be taken away under the state law of suspension and forfeiture without equal protection and treatment as required by the Fourteenth Amendment.[8]

Of course, all entitlements once acquired might well be subjected to suspension under valid use of a state's police power to protect the public health, safety and welfare, such as statutory mandated suspension or revocation of one's driver's license because of an accumulated unsafe or unlawful driving record, or of an automobile's registration because of an accumulated unsafe or unlawful driving record, or of an automobile's registration because of its unsafe or unlawful condition or equipment: however, the challenged sections are not so written. They are geared to private debt collection and not public safety. The Arizona courts so dubbed the Act, and it is used as a state sanction against driving judgment debtors.

█ Granted the state does have an interest in the payment of traffic debts and penal fines, nevertheless, procedures for imprisonment and imposition of entitlement forfeitures for nonpayment of debts are deemed too harsh unless reasonable due process alternatives are provided, i. e., installment payment of fines, Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1971); due process hearing, *Bell*, supra.

█ When statutory classifications affect fundamental rights, then in providing equal protection and treatment under law, if a state has available to it "less drastic means" to effect a statutory purpose, such alternative must be used. See Shapiro v. Thompson, 394 U.S. 618, 637, 89 S.Ct. 1322, 22 L.Ed.2d 600.

The Arizona Legislature recognized the above concepts and the necessity of providing some type of alleviating alter-

---

8. See Miller v. Depuy, 307 F.Supp. 166 (D.C.1969), affirmed, Miller v. Anckaitis, 436 F.2d 115 (3rd Cir., 1970), cert. den. 403 U.S. 910, 91 S.Ct. 2203, 29 L.Ed.2d 688 (1971).

natives to the full payment of a judgment condition precedent for a reinstatement of the lost driving entitlements. The Legislature in order to grant an equal treatment climate to persons of low income status or class tempered the thrust of Section 1162, subsc. A with the two escape hatches, subsection B and Section 1165.

Angus challenges subsection B for providing a veto power in the judgment creditor thereby constituting an unlawful delegation of a statutory agency command to a private person. There is no showing herein that reinstatement of Angus' driving entitlements have been withheld by the hand of his judgment creditor through the force and implementation of this subsection. While we have some doubt of the validity of the subsection, if implemented, we do not reach this issue in these proceedings.

Angus challenges Section 1165, subsec. A and its follow-through B for not spelling out a debtor's right to pay the judgment in installments and for leaving creditor's rights intact. This challenge is untenable. We view the section as providing a reasonable alternative to the full payment of the judgment condition precedent—namely, payment by installments in amounts judicially fixed by the court of entry after hearing in accordance with one's ability to pay. The phrase "The Court, in its discretion, may so order . . ." is the means and the end in and of itself. The Arizona law is clear and steady in teaching:

". . . when the law gives to a court or judge a power to be exercised at discretion, it means a sound legal discretion. It does not mean a wild whimsical discretion—a mere vague power, to be exercised only at the whim and caprice of the judge, because he may have the humor to bestow a favor upon one person as a mark of friendship, and withhold it from another as a mark of displea-

sure. All persons have perfect equality before the law, whether rich or poor, powerful or abject, and the matter of allowing bail after conviction, as in all matters calling for the exercise of discretion by a court or judge, must be legally and regularly exercised, so that all persons in like circumstances may have its benefit or be subject to its denial, that on the one hand it may be capriciously granted and on the other arbitrarily withheld. " ' "Discretion" of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide an act in accordance with what is fair, equitable and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom, and experience, guided by the spirit, principles and analogies of the law, to be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law.' " In re Welisch, 18 Ariz. 517, 521, 163 P. 264, 265.[9]

Sections A and B are not moratorium statutes for the alleviation of financially distressed judgment debtors. Their mission is to supply an alternative to the condition precedent of full payment of a judgment in order to avoid forfeiture of statutory entitlements. These two sections when utilized together afford Angus the opportunity to enjoy a continued use of his driving entitlements notwithstanding the unsatisfied judgment under terms applicable to the rich and the poor alike. Those terms are, simply, to pay the judgment in installments judicially fixed in accordance with one's financial ability to pay. The retention of ordinary creditor's rights under the Section 1165, subsec. A can effect only such property of Angus as may be subject to execution under the judgment. In no wise can the retained rights affect any installment payment plan as may be

---

**9.** It is of interest to note all of the statutory procedures for payment of fines in installments, cited in *Tate*, footnote 5, 401 U.S. 395, p. 400, 91 S.Ct. 668, supra, as reasonable alternatives, provide that amounts shall be fixed in the court's discretion.

from time to time fixed by the court of entry pursuant to Section A and the continued enjoyment of his driving entitlements under Section B.

It follows that all safeguards for federal due process and equal treatment are built into Section 1162, subsec. A through the alternatives provided in Section 1165, subsecs. A and B. Should the court of entry capriciously or arbitrarily withhold equal treatment in accordance with financial ability to pay it is the judicial act and not the statute at fault.

■ Lastly, Angus challenges Section 1165, subd. C as being perfunctory, unduly harsh and lacking in due process on the premise that he will in all probability make default in the payment of an installment resulting in the renewal of the suspension. We see no merit in this challenge. A reasonable alternative is not one that erases a debt but only a reasonable opportunity to pay out in accordance with one's financial ability to pay. No person is in default of a court's order until the court, after hearing, determines the default. The court of entry when called upon to determine whether a default upon its order exists is clothed with the same quality of discretion as when determining the tenor of the order. This section cannot be faulted for one's own financial negligence or simple obstinancy. *Tate*, supra, 401 U.S. 395, p. 400, 91 S.Ct. 668.

### CONCLUSIONS

We conclude that:

1. Eleanor's cause is moot and presents no issues herein, and

■ 2. Section 1162, subsec. A, with its exceptions, Sections 1162, subsec. B and 1165, subsecs. A, B, and C and Section 1163, subsec. A meet the federal standards of due process, equal protection and treatment and neither section violates Angus' Fourteenth Amendment constitutional guarantees.

Accordingly:

1. The Temporary Restraining Order heretofore issued herein on August 18, 1971, should be withdrawn and plaintiff Eleanor Christenson's individual cause and complaint should be dismissed;

2. The plaintiffs, Angus B. Christenson's and Eleanor Christenson's, joint Motion for Summary Judgment should be denied;

3. The defendants, David H. Campbell's and Gloria Kobzeff's, Motion for Summary Judgment should be granted; and

4. No party should recover costs herein.

This decision shall constitute the court's Findings of Fact and Conclusions of Law as provided for in Rule 52(a) of the Federal Rules of Civil Procedure.