508 P.2d 728

**In re Seth Ulysses TARR.**

**No. H–640.**

Supreme Court of Arizona,
In Banc.

April 20, 1973.

Flynn, Kimerer, Thinnes & Galbraith by Clark L. Derrick, Phoenix, for petitioner.

Leonard C. Langford, Mohave County Atty. by Warner B. Bair, II, Deputy County Atty., Kingman, for respondent.

CAMERON, Vice Chief Justice.

This is a petition for writ of habeas corpus in which the petitioner asked that he be admitted to bail pending trial.

We are called upon to answer only one question and that is: Where the Arizona statute imposing the death penalty has been stricken by the United States Supreme Court, may a person charged with first degree murder, a crime previously punishable by death, be denied admission to bail pending trial on that charge?

The facts necessary for a determination of this matter are as follows. An indictment was returned against the petitioner, Seth Ulysses Tarr, 27 February 1973, by the Mohave County Grand Jury charging the defendant-petitioner with the crime of first degree murder. An application for admission to bail was filed by the petitioner and following a hearing on the application the motion was denied by the trial judge on 28 February 1973. Petitioner is presently incarcerated in the Mohave County Jail in Kingman, Arizona.

The offense for which petitioner was charged, murder in the first degree, is by statute in Arizona punishable by death. §§ 13–451, 452, 453. The Arizona Constitution, Art. 2, § 22, A.R.S., reads as follows:

"Section 22. All persons charged with crime shall be bailable by sufficient sureties, except for:

"1. Capital offenses when the proof is evident or the presumption great."

The bail provisions of the Arizona Revised Statutes, § 13–1571 et seq., echo the constitutional provision against denying a person bail except in capital criminal cases where the "proof is evident or the presumption great" that he is guilty of the offense.

It is universally held that a "capital offense" is an offense for which a sentence of death may be imposed. Ex parte Berry, 198 Wash. 317, 88 P.2d 427 (1939); 8 C.J. S. Bail § 34(1) (1962). Our Rules of Criminal Procedure, 17 A.R.S., also define a capital offense as follows:

"A capital offense, as the term is used in these Rules, is an offense which, under the law existing at the time of its commission, and at the time of the application to be admitted to bail, may be pun-

ished by death." Rule 39, Rules of Criminal Procedure, 17 A.R.S.

The United States Supreme Court has abolished the death penalty in statutes like Arizona's, Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972), and has therefore abolished "capital offenses" in Arizona.

Other courts have considered this matter in detail and have reached the conclusion that with the abolishment of the death sentence, a person may not be denied admission to bail:

> "In light of this holding, the question which is before the Court is whether, in terms of our Constitution and statute, bail may now be denied in cases in which, prior to the holding in Furman v. Georgia, supra, the death penalty could have been imposed. We conclude that bail may not be denied in such cases." Ex parte Contella, 485 S.W.2d 910, 911 (Tex.1972).

And:

> " * * * The distinction drawn between a verdict of guilt of first degree murder which carried the death penalty and such a verdict which imposed life imprisonment obviously signified that murder which can produce only life imprisonment is not a capital offense, within the meaning of the Constitution.
>
> "In a number of States where the Constitution contained the same provision as ours respecting the nonbailability of capital offenses, the death penalty was subsequently abolished. Efforts were made in those States to perpetuate the ban on bail on the theory that the nature of the crime remained the same even though it no longer carried the possibility of death, and that exposure to a sentence of life imprisonment justified a holding that the crime was still a capital one. Such attempts were rejected." State v. Johnson, 61 N.J. 351, 356–357, 294 A.2d 245, 248 (1972). See also Ex parte Ball, 106 Kan. 536, 188 P. 424, 8 A.L.R. 1348 (1920).

Actually, this court has previously expressed itself in this matter as follows:

> "The people of Arizona at the last election, through the adoption of an initiated measure submitted to the voters, abolished capital punishment for murder, so that now all persons charged with the crime of murder, however diabolical or atrocious it may be, and howsoever evident may be the proof of guilt thereof, as well as all other crimes not punishable with death, may, before conviction, demand admission to bail as a strict legal right, which no judge or court can properly refuse. * * *" Re Welisch, 18 Ariz. 517, 519–520, 163 P. 264, 265 (1917).

Nothing we say in this opinion should in any way limit the trial court in setting an appropriate bond commensurate with the crime and the propensity, if any, of the defendant to leave the jurisdiction pending trial. Neither does this opinion in any way limit recent enactments of our legislature concerning revocation of bond, § 13–1578 A.R.S., nor the recent amendment to Art. 2, § 22, Arizona Constitution, regarding felony offenses committed when a person charged is already admitted to bail on a separate felony charge. Art. 2, § 22, as amended, 3 November 1970.

The petition for writ of habeas corpus is hereby granted and the matter remanded to the Superior Court of Mohave County for the setting of an appropriate bail after such hearing and proceeding consistent with this opinion and as the trial court deems proper.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.