548 P.2d 1198

**Manuel D. MARTINEZ, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and Ben C. Birdsall, Judge of the Superior Court, Division IX, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–CIV 2151.**

Court of Appeals of Arizona, Division 2.

May 3, 1976.

Hoffman, Anderson & Brown by David S. Hoffman, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty., by Jon R. Cooper, Deputy County Atty., Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Did the respondent court abuse its discretion in denying petitioner's request for admission to bail? That is the question posited in this special action. Although we find no basis for granting relief to petitioner, we deem a written opinion necessary for the enlightenment of the bench and bar of this state as the problem will continue to arise.

Petitioner and several other individuals were charged by indictment with one count of first degree murder and one count of armed burglary. The basis for the murder charge was that a homicide was committed in the perpetration of a burglary. The respondent judge, after a hearing on petitioner's motion to admit him to bail, denied the motion. The order reflects that the judge had read the transcript of the grand jury proceedings and found that the proof was evident and the presumption great as to petitioner's commission of a capital offense and therefore he was not entitled to release on bail.

Article 2, Sec. 22, Arizona Constitution, provides in pertinent part:

"All persons charged with crime shall be bailable by sufficient sureties, except for:

1. Capital offenses when the proof is evident or the presumption great."

■ Petitioner's position is that he was entitled to bail as a matter of right since there was no showing that he was charged with a "capital offense." He argues that, since a capital offense is one for which a sentence of death may be imposed *In re Tarr*, 109 Ariz. 264, 508 P.2d 728 (1973), the state has the burden of proving, before bail can be denied, the existence of one of the six aggravating circumstances delineated in A.R.S. Sec. 13–454(E). We agree with petitioner that the state has the burden of showing that the right to bail is limited rather than absolute. *Bates v. Hawkins*, 52 Haw. 463, 478 P.2d 840 (1970); *Application of Wheeler*, 81 Nev. 495, 406 P.2d 713 (1965); *State v. Tucker*, 101 N.J.Super. 380, 244 A.2d 353 (1968); *Ex parte Colbert*, 452 S.W.2d 454 (Tex. Cr.App.1970); Annot. 89 A.L.R.2d 355, Sec. 3 (1963).

■ We also agree that the mere fact petitioner was indicted for first degree murder has no evidentiary value in the bail determination. *Bates v. Hawkins*, supra; *Application of Wheeler*, supra. The prosecutor, however, requested the court to examine the grand jury transcripts and the court, in finding the proof evident and the presumption great, relied upon that testimony. We believe the transcript of the testimony of witnesses before the grand jury, upon which the indictment was founded, may be considered in determining whether the proof is evident or the presumption great that a capital offense was committed. *Serrano v. State*, 83 Nev. 324, 429 P.2d 831 (1967); see also *State v. Garrett*, 16 Ariz.App. 427, 493 P.2d 1232 (1972).

■ We are of the opinion that the state's burden included a prima facie showing of the existence of one of the aggravating circumstances justifying imposition of the death sentence. If there are no circumstances which would justify a sentencing judge in imposing the death penalty then we can perceive of no reason why a defendant's right to bail should be limited, given Arizona's definition of "capital offense".

■ At the hearing below, counsel for petitioner argued to the court that the state had the burden of showing one of the aggravating circumstances. We have re-

viewed the grand jury testimony which reflects that petitioner and his co-defendants planned the burglary of a residence they knew belonged to a person involved in narcotics transactions because they had reason to believe a large amount of money would be on the premises. They had seen numerous people entering and leaving the premises earlier in the day and they had no reason to believe that the house was unoccupied. In fact, the group was armed with several firearms and the evidence reflects that petitioner, after the shooting of the victim, held a gun on the owner of the residence and threatened him. We believe this was sufficient to support a finding of an "aggravating circumstance," under A.R.S. Sec. 13–454(E)(3); to-wit, when "in the commission of the offense the defendant knowingly created a grave risk of death to another person or persons in addition to the victim of the offense."

We find no abuse of the court's discretion in denying petitioner's bail application and deny the petition.

KRUCKER and HATHAWAY, JJ., concur.