## Commonwealth v. Madison

*Donald E. Williams, District Attorney,* for Commonwealth.
*Carmen F. Lamancusa,* for defendant.

CHERRY, *S.J., Specially Presiding,* June 18, 1979—James Madison, who has been indicted on counts of first and third degree murder, has filed a motion for pre-trial bail on which motion a hearing has been held and briefs filed.

Article I, sec. 14, of the Pennsylvania Constitution provides: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great . . . " As used in this section the term "capital offense" means a crime for which the death penalty may but need not be inflicted: Com. ex rel. Alberti v. Boyle, 412 Pa. 398, 195 A. 2d 97 (1963). The only crime in the Commonwealth for which the penalty of death may be inflicted is murder of the first degree. The sentencing procedure for that crime is given in the Act of September 13, 1978, P.L. 756, amending 18 Pa.C.S.A. §1311, which provides that after a verdict of murder in the first degree is recorded, a separate sentencing hearing is to be conducted before the jury and a sentence of death is made only if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances. In all other cases the sentence must be life imprisonment.

The initial argument made by defendant is that since murder of the first degree can only result in a death penalty when certain enumerated aggravating circumstances are found, the Commonwealth must present evidence that defendant's action fell within one of the aggravating circumstances for which death can be imposed in order for bail to be denied on the basis of the crime charged being a "capital offense."

The Commonwealth argues that it is not up to the court to make a predetermination as to the existence of aggravating circumstances since that is a matter for the ultimate determination of a jury, citing Com. ex rel. Fitzpatrick v. Bullock, 471 Pa. 292, 370 A. 2d 309 (1977). But the Bullock case specifically declines to address the issue before us.

That case involved a judge in Philadelphia County who made a pre-trial determination of whether a case was a capital one. He based this action on the need to determine whether the individual voir dire method of selecting a jury should be used in a particular case. Such a method of jury selection is only necessary in capital cases: Pa.R.Crim.P. 1106(e). The Supreme Court concluded that a trial court could not make a preliminary determination that a charge rising to the level of murder of the first degree cannot be punished by death as a matter of law since that would preclude the jury from considering the penalty. However in footnote 4 the court stated, "We here express no view as to whether a court may make such a determination for the purpose of deciding a defendant's right to bail, but we observe that such a determination would not usurp the statutory function of the jury." 471 Pa. at 299, 370 A. 2d at 312. Therefore the Bullock case cannot be relied upon in making a decision whether bail may be permitted a person charged with first degree murder.

Although there do not appear to be any cases on this issue in Pennsylvania, courts in at least two other states have decided this matter.

In Arizona, whose constitution contains a section almost identical to article 1, sec. 14, of the Pennsylvania Constitution and which has a statute providing that the death penalty may only be inflicted after a finding that one or more delineated aggravating circumstances existed, the appellate court has stated in an appeal from the denial of bail:

"We are of the opinion that the state's burden included a prima facie showing of the existence of one of the aggravating circumstances justifying

imposition of the death sentence. If there are no circumstances which would justify a sentencing judge in imposing the death penalty then we can perceive of no reason why a defendant's right to bail should be limited, given Arizona's definition of 'capital offense.'" Martinez v. Superior Ct. in and for the County of Pima, 26 Ariz. App. 386, 548 P. 2d 1198, 1199 (1976).

Arizona, like Pennsylvania, defines a capital offense as one for which a sentence of death may be imposed: In re Tarr, 109 Ariz. 264, 508 P. 2d 728 (1973).

The Texas Court of Criminal Appeals, in a number of cases beginning with Ex parte Sierra, 514 S.W. 2d 760 (Tex. Cr. App. 1974), has also held that the state in a bail hearing must introduce evidence not only that a jury would convict defendant of murder but also that the jury would return findings under the Texas criminal statute which would require the imposition of death.

Under the new sentencing procedure for first degree murder, 18 Pa.C.S.A. §1311, the Commonwealth presents evidence relating to any of the aggravating circumstances at a separate sentencing hearing after the verdict has been returned. The judge only instructs the jury on aggravating circumstances as to which there is some evidence. Therefore, if the prosecution fails to produce evidence of the existence of any of the aggravating circumstances the defendant cannot be sentenced to death. Of the enumerated aggravating circumstances we find that the following is determinative: "(7) In the commission of the offense the defendant knowingly created a grave risk of death to

another person in addition to the victim of the offense." Sarah Antonucci was put in danger during the incident, at the disposal of the body. Defendant's threats to put her in the quarries with the victim if she failed to assist him put her in grave risk of death.

Even if the crime charged is not held to be a capital offense, bail may still be denied under certain circumstances. No one has an unconditional right to bail. Adequate assurance must be given that the accused will appear for trial. The burden is on the Commonwealth to provide proof from which a court can reasonably conclude that an accused will not appear for trial regardless of the character or amount of bail. If such proof is given then bail may be denied regardless of the nature of the charges: Com. v. Truesdale, 449 Pa. 325, 337-338, 296 A. 2d 829, 835-836 (1972).

At the bail hearing the Commonwealth introduced evidence of defendant's disposal of the body of the victim and his coercion of Sarah Antonucci to force her to aid in the disposal, the subsequent threats made on Ms. Antonucci's life, and his attempts to conceal other evidence of the crime by taking the clothes Ms. Antonucci was wearing at the time of the crime.

It is true that defendant testified that he lived in New Castle, has been married for ten years, and has two children; that he graduated from Neshannock High School in Lawrence County, was in the Air Force for four years and has been employed by United Parcel Services for ten years. His wife is a school teacher in New Castle and they own three parcels of property in Lawrence County. He testified that he had no prior criminal record and that

he would remain in Lawrence County if released. Under cross-examination, the prosecuting officer testified that defendant had a good reputation in the community.

The Supreme Court in Truesdale has stated that anticipated criminal activity alone cannot stand as grounds for the denial of bail although it can be considered in setting the amount of terms of bail: 449 Pa. at 339-340, 296 A. 2d at 836-837. Among the criteria suggested by the court in determining if defendant is likely to appear for trial are his general reputation in the community, his past record, prior conduct while on bail and his ties to the community in the form of a job, family or wealth. In this case all these criteria are favorable to defendant. However, defendant's attempts to dispose of the body and other evidence of the crime as well as the threats directed towards the Commonwealth's principal witness indicate that defendant is willing to take great risks to prevent this matter from proceeding to trial. Thus, the likelihood of his fleeing is not at all outside the realm of reasonable possibility.

A number of lower courts have considered petitions for pre-trial bail by persons accused of a non-capital murder since Truesdale. The decision in each case hinged upon the factual presentation made by the Commonwealth at the bail hearing and no general principle other than those enunciated in Truesdale can be drawn from a reading of that case. Cases denying bail: Com. v. Gatling, 54 Wash. Co. 41 (1973); Com. v. Bamber, 29 Somerset 320 (1973); Com. v. Spangler, 29 Somerset 325 (1974). Cases granting bail: Com. v. Jenkins, 95 Dauph. 471 (1973); Com. v. Kooney, 29 Somerset 316 (1973); Com. v. Baretencic, 30 Cambria 230 (1976). In the Spangler case, Judge Shaulis considered threats the defendant had made against mem-

bers of the victim's family, as well as the fact that the defendant violated a peace bond which had been placed on him by a magistrate, in determining that the risk of flight was too great to allow bail.

In summary, bail must be denied in this case on the following basis:

1. At the bail hearing it appeared that proof was evident and the presumption great that defendant committed the crime of murder in the first degree which, since such crime may be punishable by the death penalty, is a capital offense and therefore not bailable under article 1, sec. 14, of the Pennsylvania Constitution. The Commonwealth does not have to produce evidence of aggravating circumstances on which the death penalty could be based since that is a matter for jury determination after a verdict has been returned.

2. At the bail hearing the Commonwealth produced evidence that during the commission of the crime, while attempting to dispose of the body, defendant knowingly created a grave risk of death to Sarah Antonucci by threatening to put her with the victim if she did not assist, such action being an aggravating circumstance enumerated in 18 Pa.C.S.A. §1311(d)(7) for which a jury could sentence defendant to death; thus making the offense a capital one for which bail need not be granted.

3. In view of the evidence produced by the Commonwealth at the bail hearing, the risk of defendant taking flight is too great to allow bail.

## ORDER

Now, June 18, 1979, in view of the foregoing, petition for allowance of release on bail is hereby denied.