# People of the State of Illinois v. Charles O. Cleaver.

1. SCIRE FACIAS— *On a Forfeited Recognizance— What is a Defense.*—A plea by a surety on a forfeited recognizance in a preliminary examination, that he signed the same with the express understanding and agreement between himself and his co-sureties and the justice of the peace before whom such examination was had, that such recognizance should not be accepted or approved by such justice, nor be used· or held in any manner to bind him until signed by another person whose name was therein inserted as an obligor, but who in fact never signed the same, presents a good defense to the scire facias.

2. SURETIES—*May Plead That Others Were to Sign.*—When it is agreed by and between the sureties named as such in a recognizance taken by a justice of the peace in a criminal proceeding, and the justice, that the said recognizance should not be accepted or approved by him until another person, also named in the body of the recognizance, should sign the same as co-surety, the fact that such person did not sign may be shown in defense.

**Scire Facias,** upon a forfeited recognizance. Appeal from the Circuit Court of Iroquois County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

J. W. KERN, state's attorney, for appellant.

MORGAN & OREBAUGH, attorneys for appellee.

The plea in question is not a plea of *non est factum.* Such a plea puts in issue only the execution of the instrument. The plea, to which the demurrer was overruled in this case, is a special plea by way of confession and avoidance, like that in Vincent v. The People, 25 Ill. 500; Waugh v. The People, 17 Ill. 561; Sans v. The People, 3 Gilm. 327.

The principal in a recognizance may plead duress of himself in executing the recognizance, in a proceeding by scire facias thereon; and it seems that the sureties might make the same plea if the duress were of themselves. Plummer v. The People, 16 Ill. 358; Peacock v. The People, 83 Ill. 331.

Where it is agreed by the principal and surety on an official bond that the bond shall not take effect until a particular person also signs as surety, and the obligee has notice of this agreement, the fact that such person did not sign as a surety, may be shown in defense. Smith v. Board of Supervisors of Peoria County, 59 Ill. 412; Comstock v. Gage, 91 Ill. 335; Stern v. The People, 102 Ill. 554.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a proceeding by scire facias upon a forfeited recognizance, given by Louis Parkes, who was arrested on June 6, 1896, and taken before a justice of the peace in Iroquois county to answer a charge of abduction. The examination being adjourned by the justice to June 12, 1896, said Louis Parkes was required to enter into a recognizance for his appearance on the last named date. He gave such recognizance with appellee and James Parkes as surety in the sum of $500.

Failing to appear on the day to which the examination was continued, said Louis Parkes was defaulted, and judgment rendered that his recognizance be forfeited, and thereupon the justice returned the recognizance, together with the record of the default, into the Circuit Court, in accordance with Sec. 11, Div. VII of the Criminal Code, and this proceeding was instituted to obtain judgment upon such recognizance and for execution.

A demurrer to the scire facias being overruled, the defendants took leave to plead, whereupon they filed a plea of *nul tiel record*, and appellee also filed a separate plea in his own behalf to the effect that he signed the recognizance in question, with the express understanding and agreement between himself, his co-sureties, and the said justice of the peace, that such recognizance should not be accepted or approved by said justice, nor be used or held in any manner to bind appellee, until it was signed by Marion Parkes, whose name was inserted therein as an obligor, but who in fact never signed the bond. Notwithstanding this understanding and agreement, to which the justice was a party, the latter

approved the recognizance without the signature of Marion Parkes, and it became a record as above stated.

These facts sufficiently appear by the plea, and the demurrer thereto admits their truth. The court overruled a demurrer to this plea, and the people abiding by the demurrer bring the cause to this court by appeal. The only question presented for our consideration, is as to whether the plea presents a defense to the scire facias, the contention of counsel for appellants being that the recognizance having become a record by being returned into court in the manner required by law, imports verity, and that the antecedent facts upon which it is based, can not be inquired into under a plea of this character. Counsel for the people argue the question as though this were a plea of *non est factum*, but we do not so regard it, and hence the authorities cited to the proposition that such a plea is not proper to be pleaded to a scire facias are not in point.

The plea is not strictly a plea of *non est factum*, nor is it a plea of *nul tiel record*, but is a special plea, setting up facts which, if true, show that appellee was never liable on the bond. Under the circumstances the justice had no right or authority to approve the bond; to do so was a fraud upon the rights of appellee, and a record made upon such wrongful approval was never properly made.

Under the authority of Waugh v. The People, 17 Ill. 561, we regard the recognizance as a nullity so far as appellee was concerned.

The demurrer to the plea was properly overruled and the judgment will be affirmed.