THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROCKY WOOD, Defendant-Appellant.

Second District No. 80-903

Opinion filed November 13, 1981.

Joseph P. Spiezer, of Spiezer, Thorsen and Ellerby, of Rockford, for appellant.

Dennis Schumacker, State's Attorney, of Oregon (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

This matter involves the appeal of the impleaded defendant Rocky Wood of a judgment entered against him in the amount of $30,000 on an alleged suretyship obligation on the purported bail bond of his son, the defendant John Wood.

The defendant John Wood was charged by information with rape, deviate sexual assault, and home invasion. Bond was originally set at $200,000. The defendant John Wood filed a motion for a surety bond or in the alternative for a reduction in bond to $15,000. On June 19, 1980, the trial court entered its order releasing the defendant on personal recognizance-surety and as a condition thereof requiring the "surety signature of Rocky L. Wood—Father." The bond which the defendant John Wood executed and upon which he was released from custody was entitled "Bail bond for appearance with deposit of cash bail security." In actuality, the defendant executed a 10 percent bail bond as prescribed by section 110—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7), except that in a space in which the amount of the cash to be deposited is usually written the word "recog" was inserted. To the left of the signature of the defendant John Wood, the word "surety" was typed followed by a line on which the signature of the impleaded defendant Rocky Wood appeared.

The defendant John Wood failed to appear in court on July 11, 1980, as scheduled and a notice of bail forfeiture was sent to him on that date indicating his $30,000 recognizance bail would be forfeited unless he appeared in court on or before August 11, 1980. On August 12, 1980, the court entered an order declaring the forfeiture of the defendant John Wood's bail and also entered a judgment for the State and against the said defendant. Subsequently, on September 5, 1980, the State filed a motion for judgment of bail forfeiture against the impleaded defendant Rocky Wood. On September 8, the impleaded defendant was served with a summons and documents attached thereto which collectively informed him of the order of the bail forfeiture and the judgment entered in favor of the State and against his son, the defendant John Wood.

One month later, on October 8, the impleaded defendant filed a motion to dismiss the State's petition for judgment of bail forfeiture against him. After holding a hearing on the matter on October 10, the court subsequently entered judgment on October 14, 1980, in favor of the State and against the impleaded defendant in the amount of $30,000 plus costs based on Rocky Wood's alleged suretyship obligation on the bail

bond of his son. Impleaded defendant appeals from the judgment of bail forfeiture entered against him.

■■ We vacate the judgment of the trial court in the amount of $30,000 against Rocky Wood. The court had no authority to order the defendant released on personal recognizance with surety.

Release of the defendant from custody pending trial in Illinois is governed by three basic provisions of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1979, ch. 38, par. 100—1 *et seq*.): sections 110—2, 110—7 and 110—8 (Ill. Rev. Stat. 1979, ch. 38, pars. 110—2, 110—7, 110—8). Section 110—2 of the Code provides, in appropriate circumstances, that the accused may be released on his own recognizance and that any failure to appear as required by such recognizance shall constitute a criminal offense and that any obligated sum fixed in the recognizance shall be forfeited and collected in accordance with sub-section (g) of the section 110—7 of the Code.[1] The words "personal recognizance," or release on his own recognizance, denote the pretrial release of a defendant based on his own promise that he will appear for trial; in other words, the terms indicate a species of release in which no bond is required, and the defendant acknowledges personally, without surety, his obligation to appear in court at the next hearing or trial date of his cause. This procedure is employed when the court is satisfied that the accused will present himself without the need of a surety bond or other form of security. (Black's Law Dictionary 1030 (5th ed. 1979).) In short, when the accused is allowed his liberty on his own recognizance, there is no surety bound to secure his appearance at court, for he is not in the custody of anyone who can surrender him to the court. *People v. Barrett* (1903), 202 Ill. 287, 298.

In the present case, it is obvious the trial court was attempting to release the defendant on his own recognizance while at the same time requiring the impleaded defendant to sign a bail bond surety. As we have indicated above, there is an inherent contradiction between the nature and purpose of releasing the accused on his personal recognizance and the taking of security on a bail bond. Furthermore, there is no authority for taking or requiring a surety where the defendant is released on his own recognizance.

If the court wished to admit the defendant to bail, rather than release him on his own recognizance, then the court is required to follow the

---

[1] The reference in section 110—2 to section 110—7(g) of the present code is an obvious miscitation. The short correct citation should be subsection (h). Section 1 of Public Act 80-1149, effective July 1, 1978, amended prior section 110—7 by adding a new subsection (g); old subsection (g) was retained and incorporated in subsection (h). However, the legislature apparently failed to make the corresponding change in the language in section 110—2 when it did not substitute "subsection (h)" for "subsection (g)."

provision of section 110—7 or 110—8 of the Code. Section 110—15 of the Code provides in relevant part as follows:

"The provisions of Sections 110—7 and 110—8 of this Code are exclusive of other provisions of law for the giving, taking, or enforcement of bail. In all cases where a person is admitted to bail the provisions of Sections 110—7 and 110—8 of this Code shall be applicable." (Ill. Rev. Stat. 1979, ch. 38, par. 110—15.)

Section 110—15 makes sections 110—7 and 110—8 the exclusive means of posting bonds in criminal cases in this State. *Schilb v. Kuebel* (1970), 46 Ill. 2d 538, 544, *aff'd* (1971), 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479, citing *People ex rel. Gendron v. Ingram* (1966), 34 Ill. 2d 623, 626.

■■ If the trial court wished to require a surety for the bail of the defendant, then it necessarily had to follow the procedure set forth in section 110—8 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 110—8). It failed to do so. A bail bond taken without authority is a nullity and hence is void, and the surety on such a bond is not bound by the subsequent forfeiture of the bond. *People v. Cleaver* (1897), 74 Ill. App. 210; 8 Am. Jur. 2d *Bail & Recognizance* §102 (1980); Annot., 34 A.L.R. 612 (1925); see *People v. Wascher* (1931), 263 Ill. App. 614, 624, *aff'd* (1932), 349 Ill. 114.

■■ There is another reason why the impleaded defendant cannot be held liable as surety in the present case. Section 1101(b) of the Code defines "surety" as "one who executes a bail bond and binds himself to pay the bail if the person in custody fails to comply with all conditions of the bail bond." (Ill. Rev. Stat. 1979, ch. 38, par. 110—1(b).) Here the impleaded defendant merely signed his name on a line following the word "surety" in the lower left hand corner of the purported bail bond. The surety is in no way referred to in the body of the bail bond, nor is there any statement contained therein to the effect that the impleaded defendant bound himself to pay the bail if the defendant failed to comply with all of the conditions set forth in the bail bond. The impleaded defendant did not execute an instrument establishing any contractual suretyship obligation on his part.

Reversed.

REINHARD and UNVERZAGT, JJ., concur.