DONNA'S BAIL BONDS, Inc. *v.* STATE of Arkansas

CA 90-237                                807 S.W.2d 934

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1991

*J. Michael Hankins*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Donna's Bail Bonds, Inc. appeals from a bail bond forfeiture and judgment in the amount of $50,000.00 entered against appellant as surety on the bond. It is argued the bond was taken without authority and is therefore void and unenforceable. We agree.

The record shows that a hearing was held on September 21, 1989, in the Seventh Judicial Circuit Court on the request of Chris Zulpo for release on bond. Zulpo's attorney told the court that Zulpo had been tried and convicted of kidnapping, that his conviction was affirmed by the Arkansas Supreme Court, and he was confined in the Arkansas Department of Correction. Zulpo's attorney also told the court that Zulpo, on the order of another judge, had been released to the sheriff of Saline County for a hearing on a Rule 37 petition, and appellant was requesting that he be released on bond pending the hearing. The court admitted

Zulpo to bail in the amount of $50,000.00, over the objection of the deputy prosecuting attorney who was present at the hearing.

On October 4, 1989, the state filed a motion asking that the trial court "immediately revoke the bond" which had been made by Zulpo because "the Court did not have the authority to place the defendant on bail," citing *Deason* v. *State*, 263 Ark. 56, 62, 562 S.W.2d 79, 82 (1978). Zulpo's attorney filed a response, but on October 9, 1989, the trial court entered an order granting the state's motion for the reason that "the Court did not have the authority to place the defendant on bail." The *Deason* case was cited as authority.

On October 19, 1989, the trial court entered an order stating the bond was forfeited because "on the 17th day of October, 1989 . . . the Defendant, CHRIS ZULPO, being called at the bar of this Court as required by law, came not but made default." On October 27, appellant filed an answer asking for a hearing and alleging that the bond forfeiture should be set aside on the basis that the bond had been adjudicated to be illegal and there could not be a forfeiture of an illegal bond.

At a hearing held on February 13, 1990, appellant argued that a bond executed without authority was void and that there was a question as to whether the petition for Rule 37 was properly before the court as "no one ever got permission from the Supreme Court under Rule 37.2." After hearing arguments of counsel, the trial judge stated:

> Mr. Zulpo was properly before this court and the jurisdiction of the court to act on his petition is one question. The authority of the court to set a bail bond is before the court is another question and that bond was set, the amount of the bond was set, bond was entered into by the bondsman and the court rejects the argument that the bond is unenforceable and that the bail cannot be held liable for it as well as the surety.

On February 15, 1990, the trial court entered an order forfeiting the bond and granting judgment against the appellant as surety in the sum of $50,000.00.

In support of its contention on appeal, appellant cites *Deason* v. *State, supra*, which held that Ark. Stat. Ann. § 43-2714 [now

Ark. Code Ann. § 16-91-109 (1987)] provided for the defendant's right to bail on appeal but not on collateral attack. The opinion in *Deason* also relied upon Ark. R. Crim. P. 36.13. That case, like the present case, involved a question of whether a defendant who has been convicted and committed to prison is permitted bail while his Rule 37 petition is pending. Therefore, the *Deason* case is relied upon by the appellant in this case for the proposition that a defendant is not entitled to bail while making a collateral attack on his conviction. Moreover, the appellant points to Ark. R. Crim. P. 37.1 (which is conceded to have been in effect when Zulpo was convicted and sentenced) and argues that *only* a defendant who has not appealed his conviction to the Arkansas Supreme Court or Court of Appeals may file in the trial court a Rule 37 attack on his conviction of sentence. Otherwise, it is argued, Rule 37.2 requires that a defendant must secure prior permission from the supreme court before such an attack can be filed in the trial court. Thus, for this reason also, the appellant contends the trial court did not have authority to grant bail to Zulpo while he was out of prison for the purpose of his Rule 37 hearing.

The second prong of appellant's argument is that a bail bond taken without authority is void and unenforceable against the surety on the bond. Appellant cites the case of *United States* v. *Hudson*, 65 F. 68 (W.D. Ark. 1894), where Judge Parker held that a bail bond to be effective and binding on the principal and sureties must be valid. The opinion then states that for a bond to be valid it must (1) be taken by competent legal authority, (2) be in correct legal form, and (3) have sureties that are sufficient. Mr. Justice White, Associate Justice of the United States Supreme Court, had issued an order admitting the defendant to bail upon furnishing bond in the amount of $5,000.00 approved by the district judge; however, District Judge Parker held that Justice White was "without authority of law" to make the order for bail. On the point of the liability of sureties on bail bonds, Judge Parker quoted with approval the following language from another case:

> They are liable in any case only upon the ground that they enter into a recognizance ordered by a tribunal having authority to act in the premises.

65 F. at 73. Among the many cases that Judge Parker cited in support of the above statement are *Cooper* v. *State*, 23 Ark. 278 (1861), and *Blevins* v. *State*, 31 Ark. 53 (1876). In *Cooper*, the court said that "where a recognizance or bail bond is taken without authority it is void," and in *Blevins*, the court held that a bond taken by the sheriff of Pope County who arrested a man in Conway County was a nullity because the Pope County sheriff had no authority in Conway County. The *Cooper* case was cited with approval in *Thomm* v. *State*, 35 Ark. 327 (1880), and the *Blevins* case was cited with approval in *Littleton* v. *State*, 46 Ark. 413 (1885).

The *Hudson, Cooper, Blevins* and *Thomm* cases are cited in an Annotation, *Liability of Surety on Bail Bond Taken Without Authority*, 27 A.L.R. 4th 246 (1984). The annotation makes the following summary pertinent to the issues under consideration in the present case.

> A defense to the forfeiture of a bail bond occasionally raised by a surety seeking to avoid liability on that bond is that the person taking or requiring the bond was without authority to do so, and therefore that the bond is void and unenforceable. Generally, the courts have held that under such circumstances, the surety is not liable on the bond as a statutory obligation.

*Id.* at 248. The cases cited in appellant's brief that are cited in the above A.L.R. annotation are cited in support of the statement from the annotation quoted above. Five federal cases and cases from thirty-one states are also cited in support of the statement. The case preceding the annotation is *People* v. *Wood*, 101 Ill. App. 3d 648, 428 N.E.2d 691 (1981). In that case the trial court entered an order forfeiting a defendant's bail bond and entered a judgment against the defendant's father who had signed as surety on the bond. On appeal, it was held that the trial court had attempted to release the defendant on his own recognizance while at the same time requiring the defendant's father to sign a bail bond as surety. The appellate court held that there was no authority for taking or requiring a surety where the defendant is released on his own recognizance. The court said: "A bail bond taken without authority is a nullity and hence is void, and the surety on such a bond is not bound by the subsequent forfeiture of

the bond." An Arizona case cited in support of the above statement from the A.L.R. annotation states:

> The overwhelming weight of authority throughout the country is to the effect that a bail bond in a criminal case which is void as a statutory obligation, because taken without authority, is void for all purposes.

*State* v. *Swinburne*, 121 Ariz. 404, 590 P.2d 943 (Ariz. App. 1979). *See also* 8 Am. Jur. 2d *Bail and Recognizance* § 102 (1980).

■ It seems clear to us that the trial court in the present case was not authorized to admit Chris Zulpo to bail during his release by the Department of Correction to the Saline County Sheriff for a hearing on a Rule 37 petition. Moreover, the record shows that the defendant had appealed his conviction to the Arkansas Supreme Court and does not show that the supreme court had granted permission for the Saline Circuit Court to hear Zulpo's Rule 37 petition; therefore, it appears that the hearing was not authorized under Ark. R. Crim. P. 37.2. If for either reason the Saline Circuit Court was not authorized to admit Zulpo to bail, the weight of authority in the United States, as well as in Arkansas, holds that a bail bond taken without authority is void and the surety on such a bond is not liable.

The state argues that there is no order in the record stating that Zulpo was released for a Rule 37 hearing, and suggests that Zulpo might have filed a petition for writ of error coram nobis or a petition to correct an illegal sentence and could have been released for a hearing on either of them, and such hearing could be held without prior approval by the supreme court. This argument ignores two points. One, the state does not cite authority which holds that the circuit court had authority to admit Zulpo to bail even if a hearing was to be held on either of the collateral attacks suggested by the state. Two, the defense attorney, the prosecuting attorney, and the trial judge all stated orally and in writing that the reason for Zulpo's release from prison was to attend a Rule 37 hearing in Saline County. We think the record is so clear on this point that it is simply not open to question.

The state also makes the argument that the circuit court had

jurisdiction to hear evidence to determine whether it had jurisdiction to grant Zulpo relief of any kind, and therefore it had personal jurisdiction over Zulpo and authority to set bail pending the hearing. This appears to be the position taken by the trial court as indicated by its statement which we quoted above. The problem with this view is that we are cited no authority that allows the trial court to admit Zulpo to bail even if we accept the premise on which the view is based. The hearing is still a collateral attack on Zulpo's conviction, and we are cited no authority that allows a trial court to bring a convicted felon out of prison and admit him to bail while he makes a collateral attack on his conviction.

A third argument, briefly mentioned by the state, is that viewed from a purely contractual vantage point, the appellant got what it bargained for and collected a fee from Zulpo for becoming surety on his bond and should be held to the contract it made. This argument, aside from jurisdictional and public policy considerations, has been rejected by most courts. In the A.L.R. annotation referred to above, it is stated:

> Efforts to hold the surety liable on a bail bond taken without authority as a common-law obligation have also, as a general rule, failed. Courts considering this proposition have generally reasoned that the consideration for the bond in the form of the release of the principal, which might be sufficient to find a similar obligation valid in a civil matter, is not a basis for enforcement of the surety's obligation on an invalid bond. . . . This is not the universal view, however, as in at least two jurisdictions, the courts have found sufficient consideration to support the bond and therefore have held that the bond is valid as a common-law or voluntary obligation on the part of the surety.

27 A.L.R.2d at 248-49. Fourteen states and a federal case are cited as supporting the above statement. Only Georgia and Iowa are listed as jurisdictions which have held that bail bonds approved by courts without authority are nevertheless valid as a contractual or voluntary obligation. We think the majority view is the better one.

Finally, in addition to what we have said, the overriding problem with holding the appellant liable as surety on the bail

bond in this case is the state's motion asking the trial court to revoke the bond because it "did not have the authority to place the defendant on bail," and the trial court's finding that it "did not have the authority to place the defendant on bail" and its order revoking the defendant's bond. Faced with this adjudication, we feel compelled to hold that the surety on Zulpo's unauthorized — or illegal — bond is not liable.

The judgment appealed from is reversed and the proceedings against the appellant are dismissed.

ROGERS and DANIELSON, JJ., agree.