Hillsborough,  }
  Feb. 5, 1924. }

### STATE v. GIUSEPPI RICCIARDI & a.

When the offense charged is punishable by imprisonment for twenty years or up-
ward, the only power of a municipal court or justice is to order that the de-
fendant be discharged or that he be committed; there is no power to take bail,
except application be made to the superior court, under P. S., c. 252, s. 13.
If the municipal court takes bail in such a case, the sureties are not bound.

DEBT, upon a recognizance. The defendant Giuseppi Ricciardi was arrested on a charge of statutory rape and arraigned before the municipal court of Milford. Upon his plea of not guilty, he was ordered to recognize in the sum of one thousand dollars for his appearance at the next term of the superior court. Bail was accordingly furnished by the respondent, with the other defendants as sureties. He did not appear, the bail was declared forfeited, and this suit was brought.

In the superior court *Kivel*, C. J., transferred without a ruling the question whether the suit can be maintained.

*Ferdinand Farley,* solicitor, and *J. Blanche Newhall,* for the state.

*Wason & Moran, Timothy F. O'Connor* and *Myer Saidel,* for the defendants.

Peaslee, J. "Recognizances not authorized by law are void." *State v. Eastman,* 42 N. H. 265, 268. "Proceedings of tribunals, which have no jurisdiction of the subject-matter, upon which they assume to act, are absolutely void, and there is no presumption in favor of the jurisdiction of inferior courts." *Manning v. Cogan,* 49 N. H. 331, 338, and cases cited. The soundness of these propositions is not questioned by the state, but it is argued that the municipal court did not exceed its jurisdiction when it admitted Ricciardi to bail. The offense with which he was charged comes within the terms of Public Statutes, chapter 252, section 13. It is punishable by imprisonment "not exceeding thirty years." P. S., c. 278, s. 15; Laws 1897, c. 35, s. 1.

The provision as to bail in such cases, just prior to the enactment of the Public Statutes, was that it could be granted by "the supreme court or any justice thereof, and no other court or justice." G. L., c. 258, s. 19. In the Public Statutes the words "and no other court or justice" are omitted. P. S., c. 252, s. 13. Because of this omission, and upon the authority of the statement in *State v. Eastman,* 42 N. H. 265, 270, that "if one justice by his warrant can apprehend, he can bail," it is argued that the municipal court had jurisdiction to take the action in question. It is only necessary to examine the history of our law upon the subject to demonstrate that the claim is unfounded.

The statute limiting the power of magistrates and inferior courts to take bail is of comparatively recent origin. When *State v. Eastman, supra,* was decided (1860), the law was that "Any justice may cause to be apprehended and committed to jail, or bound over, with sufficient sureties, for trial by the court of common pleas in such county, all persons charged with offences committed in such county, exceeding his jurisdiction to try." R. S., c. 222, s. 3. The statement above quoted from *State v. Eastman* related to the common law, as the case was one where the statute made no provision. In that case the principal had been committed for want of bail, and the recognizance in question was taken later by a justice who did not order the committal. As stated by the court: "The present case

then being one to which our statutes have no application, we have to resort to the common law for a solution of the questions involved in it." *Ib.*, 270. But if the remark had related to cases coming within the statute, it would have been correct. As the law then stood, a justice could admit to bail in any case when he could commit to jail for appearance at the court of common pleas.

These facts also answer the suggestion that authority for the state's position is to be found in the implication in *State* v. *Fowler*, 28 N. H. 184, that a justice had authority to take bail in a case like this. Such was the provision of the statute when that case was decided (1854).

In the revision of 1867, radical changes were made as to bail. The commissioners reported two new sections, one that all persons charged with crime are bailable "except for capital offenses, where the proof is evident or the presumption great," and the other that "the supreme court, or any justice thereof, and no other court, or justice" could take bail when the offense was punishable by imprisonment "for twenty years or upward." Com'rs Rep., G. S., *c.* 241, *ss.* 18, 19. At the same time the section as to binding over was amended so that bail could be taken below only "if the offense is bailable by such police court or justice." *Ib.*, *s.* 6. If the offense was not so bailable, the only authority was to commit. *Ib.*, *s.* 5. These various provisions were adopted by the legislature. G. S., *c.* 240, *ss.* 5, 6, 18, 19. Although a new chapter, "Recognizances and Bail," was added at this time, these provisions were retained in the chapter on "Examinations and Appeals."

This arrangement was continued in the revision of 1878, and the provisions were reënacted without change. G. L., *cc.* 258, 259. In the revision of 1891, the two chapters were consolidated and the sections rearranged (Com'rs. Rep., P. S., *c.* 251) and so enacted. P. S., *c.* 252. The omission of the words "and no other court or justice" was not intended to change the meaning of the section. It was understood to be merely verbal. Com'rs Rep., P. S., *c.* 251, *s.* 13. If further proof of this were needed it could be found in the retention in the sections relating to the powers of the committing magistrate of the limiting words "if the offense is bailable" by him (*Ib.*, *s.* 15) and "is not bailable" by him (*Ib.*, *s.* 5).

The statute means the same today as it did before 1891. Where the offense charged is punishable by imprisonment for twenty years or upward the only power of the municipal court or justice is to order that the defendant be discharged, or that he be committed. There

is no power to take bail, except application be made to the superior court.

It is also contended, that these defendants have waived the objection to the jurisdiction of the municipal court, and having taken advantage of its exercise cannot now complain of the lack of power to act. It is true that jurisdiction over a party, when the court has jurisdiction over the subject-matter, may be conferred by consent, as by an appearance and taking part in a trial of the merits without objection. *Patten* v. *Patten*, 79 N. H. 388, and cases cited. But in the present instance the fault is not in jurisdiction over the parties, but in power to act upon the subject-matter involved. "An agreement of the parties . . . will not invest the probate court with authority to determine the question, if such was the intention; for jurisdiction of the subject-matter of a controversy cannot be conferred upon a court in that way, and the right to object to the want of it cannot be lost by acquiescence or neglect." *Mansfield* v. *Holton*, 74 N. H. 417, 421, and cases cited.

The remarks concerning a waiver of irregularities in taking bail (*State* v. *Benton*, 48 N. H. 551; *State* v. *Eastman*, 42 N. H. 265) relate to matters that do not affect the jurisdiction to act.

As the municipal court had no power to take bail in the case, the order to that effect was a nullity. It did not authorize the release of the respondent from custody, and it would have been the duty of any officer having him in charge to refuse to recognize it. Such an order, void on its face, would be no answer to a suit for permitting the prisoner to escape. Neither the prisoner nor his sureties obtained anything, in a legal sense, because of the ostensible obligation they entered into. There was no lawful release of the defendant.

*Judgment for the defendants.*

All concurred.