Emilio Nunez, J.
It appears from the relator’s brief that he was detained in City Prison from September 7, 1963 until October 3, 1963 upon a commitment entered in the Criminal Court of the City of New York based upon an affidavit made by two police officers purporting to comply with the provisions of section 55 of the New York City Criminal Court Act. On five separate appearances for hearing, the Criminal Court denied bail. He contends that he comes within the purview of section 552 of the Code of Criminal Procedure and urges that the act of the Legislature in removing from the Magistrate his traditional power to set bail for an appearance before him is a denial of due process of law within the provisions of section 6 of article I of the New York State Constitution and the Fourteenth Amendment of the Federal Constitution. It appears further that on arraignment, bail was not fixed since relator is charged with a felony and is a convicted felon. However, on October 6, 1963, on his application at Part XXX of the Supreme Court bail was fixed at $5,000.
Absolute right to bail in felony cases is nonexistent in this State and in such cases whether bail will be fixed and in what amount is for the State to decide (United States ex rel. Hyde v. McMann, 263 F. 2d 940, cert. den. 360 U. S. 937). Since an absolute right to bail in this instance does not exist, denial of bail is not a violation of a constitutional right. Nor is the Criminal Court required to advise the defendant of any existing right to bail. The narrow question presented is whether the power to exercise discretion in holding a defendant to bail in a particular case is wrongfully taken from the Criminal Court of the City of New York. The power of exercise of discretion has not been removed, nor the benefit of its existence *945 denied to the defendant. Bather, the power has been vouchsafed to Justices of the Supreme Court. Ignorance in the premises is unavailing and whatever may be said concerning that is for the Legislature and for the executive upon enactment of any legislation in that area. Since bail in this instance is not constitutionally guaranteed and it is available to the relator in the exercise of a power of discretion upon application in the proper forum, the relator is not in the position to require that he be arraigned before a court having such power. Relator urges that he may not be refused relief merely because he has not the right to petition for the relief and he urges further that he does not complain that his application for bail was denied, but that an application for bail was not presented to a court of competent jurisdiction. The purport of these contentions is not made manifest. The fact is that relator has already petitioned in the proper forum for an order fixing bail.
The powers of the Criminal Court otherwise are not affected or diminished by the fact that such limited right to apply for fixation of bail is lodged in another court. Relator’s discharge may not emanate from this petition, but rather by posting the bail already fixed. Relator argues further that the extent of the judicial power is measured by the extent to which a court may deprive a person of liberty. However, the judicial power in this instance may be measured not alone by the power of the Criminal Court of the City of New York, but by the judicial power residing in the Supreme Court and in this connection the provisions of section 55 of the New York City Criminal Court Act and of section 552 of the Code of Criminal Procedure must be read together. Relator relies on People v. Hevern (127 Misc. 141) where the court was concerned with section 552-a of the Code of Criminal Procedure involving the matter of fingerprinting. Here, however, fingerprinting is not involved and there is no claim that the defendant has no prior felony record. Otherwise, the effect of the Severn case is not in accord with People ex rel. Shapiro v. Keeper of City Prison (290 N. Y. 393, 397-398) where the court stated: “ By statute in this State, admission to bail before conviction is a matter of right in misdemeanor cases and a matter of discretion in all other cases. # * * Most of the states have constitutional provisions making bail a matter of right in all except capital cases * * * but in the States like New York, whose Constitutions follow the Federal model in this respect (see United States Constitution, 8th Amendt.) by prohibiting ‘ excessive bail, ’ such a constitutional declaration as to bail accords no accused any right to bail, but serves only to forbid excessiveness.”
*946 Finally, relator relies on section 55 of the New York City Criminal Court Act, which provides in part that on arraignment before a Judge of the court sitting as a Magistrate he “ may, in his discretion hold said defendant to bail if the offense be a bailable one ’ \ As already indicated, that section must be read together with the provisions of section 552 of the Code of Crirm inal Procedure and, accordingly, the offense here is not a bailable one before the Magistrate. The writ is dismissed.