493 P.2d 1232

**The STATE of Arizona, Petitioner,**

**v.**

**Honorable Lee GARRETT, Judge of the Superior Court, Division Two, Respondent;**

**Theodore Thomas LICAVOLI, Real Party in Interest.**

**No. 2 CA–CIV 1160.**

Court of Appeals of Arizona, Division 2.

Feb. 23, 1972.

Rehearing Denied March 22, 1972.

Review Denied April 18, 1972.

Rose Silver, Pima County Atty. by Jon R. Cooper, Deputy County Atty., Tucson, for petitioner.

Messing, Hirsh & Franklin by Robert J. Hirsh, Tucson, for real party in interest.

HOWARD, Judge.

This is a special action wherein the petitioner questions respondent's authority to grant bail to the real party in interest. (Defendant in three pending criminal prosecutions.)

On January 20, 1972, a grand jury indictment was filed before the Honorable Alice Truman, Judge of the Superior Court of Pima County charging the real party in interest with the crime of forgery of a credit card. At that time Judge Truman ordered that the real party in interest be held for trial on the grand jury indictment without bond on the basis that at the time of the commission of the offense alleged in the indictment the defendant had already been admitted to bail in Pima County Cause No. A–19541, charging him with armed robbery allegedly committed on the 2nd day of May, 1971, and had furthermore been admitted to bail in Pima County Cause No. A–20322, charging him with three counts of forgery allegedly committed on October 28, 1971, October 29, 1971 and November 1, 1971. .

On January 24, 1972, subsequent to the order of Judge Truman, a motion was filed by the defendant to admit him to bail. This motion was heard before the respondent, Judge Lee Garrett, who entered an order setting the defendant's bond at $2,000.

Petitioner has filed this special action contending that Article 2, Section 22 of the Constitution of the State of Arizona, A.R.S. prohibits the court from granting bail in a case such as this. Real party in interest contends that the constitutional amendment is not mandatory, but it is only discretionary and that the interpretation of the Constitution advocated by petitioner would violate the Eighth Amendment to the United States Constitution.

Article 2, Section 22 of the Constitution of the State of Arizona reads as follows:

"Section 22. All persons charged with crime shall be bailable by sufficient sureties, except for:

1. Capital offenses when the proof is evident or the presumption great.

2. Felony offenses, committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge."

We believe that the alleged constitutional infirmities have been decided adversely to the real pary in interest by the Arizona Supreme Court in Rendel v. Mummert, 106 Ariz. 233, 474 P.2d 824 (1970). In Rendel the court cited Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952) which contained the following analysis of the bail provision in the Eighth Amendment of the United States Constitution:

"The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said to indicate any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed, the very language of the Amendment fails to say all arrests must be bailable. We think, clearly, here that the Eighth Amendment does not require that bail be allowed under the circumstances of these cases." 342 U.S. at 545–546, 72 S.Ct. at 536.

The court in Rendel also cited with approval federal cases which hold that there is no federal constitutional right to bail. Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961); Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964). This is true whether the attack is based upon Eighth Amendment grounds or upon the due process clauses of the Fifth and Fourteenth Amendments. See Mitchell, Bail Reform and the Constitutionality of Pretrial Detention, 55 Va.L.Rev. 1223 (1969); Note, Preventive Detention, 36 Geo.Wash.L.Rev. 178 (1967).

■ Whether or not one charged with a felony is to be admitted to bail, or, if bail is fixed, what amount is reasonable, are

normally questions solely for the state to decide. United States ex rel. Hyde v. McMann, 263 F.2d 940 (2d Cir.), cert. denied sub nom. United States ex rel. Hyde v. Lavallee, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); People ex rel. Devore v. Warden of New York City Prison, 40 Misc.2d 943, 244 N.Y.S.2d 505 (1963).

The people of the State of Arizona have spoken through the Constitution by the adoption of Article 2, Section 22. In doing so, it was recognized that in many of the larger cities of our country, due to the length of time it takes to get to trial and due to the fact that the offender is able to post bail, persons committing crimes are able to commit several offenses while out on bail, knowing that on each subsequent offense they will be able to raise bail and that there may be a chance, upon conviction for the first offense, to plea-bargain as to the rest of the offenses or obtain sentences to run concurrently with the sentence imposed for the first conviction. We believe that it is entirely reasonable for the people of Arizona to preclude such occurrences from happening in this state.

Respondent and real party in interest contend that the word "shall" as used in the constitutional amendment is merely directory and not mandatory. We do not agree. To interpret the constitutional provision in such a manner would be to completely subvert its purpose and relegate bail determination to the conditions that existed prior to the time that the constitutional provision was approved by the people. We refuse to adopt such construction. The language is mandatory. When a person charged with a felony is already admitted to bail the only determination to be made by the court is whether proof of the new offense is evident or the presumption great. We have been provided with a transcript of the grand jury proceedings and having examined it do not believe that there is any room for argument as to whether or not the proof is evident or the presumption great as to the present charge. Indeed, a transcript of the hearing before

the respondent judge indicates that his decision to release the real party in interest on bail was based solely upon the theory that the constitutional provision was not mandatory.

The order of the respondent judge is quashed, any bond posted pursuant thereto is revoked and the real party in interest is to be held without bond pending trial.

KRUCKER, C. J., and HATHAWAY, J., concur.