590 P.2d 943

**In the Matter of the Bond Forfeiture in Pima County Cause No. A–25789.**

**The STATE of Arizona, Plaintiff-Appellee,**

v.

**Johanna SWINBURNE, a single woman, as surety for Steven Swinburne, Defendant-Appellant.**

**No. 2 CA–CIV 2991.**

Court of Appeals of Arizona, Division 2.

Jan. 11, 1979.

Stephen D. Neely, Pima County Atty. by Mark R. Christensen, Deputy County Atty., Tucson, for plaintiff-appellee.

Bruce F. Rinaldi, Tucson, for defendant-appellant.

OPINION

HOWARD, Judge.

This is an appeal from a superior court order forfeiting a "cash bond" in the amount of $11,000.

Appellant's son, Steven Swinburne, was charged with first degree murder, a capital offense. The Honorable Robert O. Roylston, a judge of the Pima County Superior Court, set bond in the amount of $11,000. The son's attorney secured the cash from appellant and deposited it with the clerk of the court. The clerk gave him a receipt and issued a release order. The son was subsequently released from custody. No appearance bond was executed.

The state then filed a petition for special action in this court challenging the authority of the court to set bond, contending that the offense was not bailable under Art. 2, Sec. 22 of the Arizona Constitution since the proof was evident and the presumption

great. We agreed with the state, set aside the order setting the bond, directed that a warrant be issued for the son's rearrest and ordered that he be held without bond pending trial.

When the son could not be found, a hearing was held and the bond was forfeited. Appellant contends that the forfeiture was improper for two reasons: (1) No appearance bond was executed as is mandated by Rule 7.1, 17 A.R.C.P. and (2) the trial court had no authority to release the son, therefore any "bond" was void ab initio. The state contends that appellant is estopped to contest the validity of the bond since she succeeded in securing the release of her son. We need not discuss appellant's first contention since we agree with her second one.

The overwhelming weight of authority throughout the country is to the effect that a bail bond in a criminal case which is void as a statutory obligation, because taken without authority, is void for all purposes. It may be enforced as a common law obligation, nor may the sureties be estopped from asserting its validity. *People v. Wirtschafter,* 305 N.Y. 515, 114 N.E.2d 18 (1953); *State v. Ricciardi,* 81 N.H. 223, 123 A. 606, 34 A.L.R. 609 (1924), and cases cited in Annot. 34 A.L.R. 612 et seq.; 8 Am.Jur.2d, Bail and Recognizance Sec. 173; 8 C.J.S. Bail § 43. *State v. Ricciardi, supra,* held that where the court taking a bail bond was without authority to act because the offense charged was one punishable by imprisonment for more than twenty years, the bail bond taken was void and unenforceable as against the surety named therein. In *People v. Wirtschafter, supra,* the trial court admitted a defendant to bail on appeal from a second conviction even though the applicable statute prohibited bail following a second felony conviction. Thereafter, a bond was furnished by a surety and the defendant was released from custody. When the defendant failed to appear, the bond was forfeited by the trial court. The appellate court reversed, concluding that since the admission of Wirtschafter to bail had been unauthorized and invalid, a fortiori, the bond was invalid and without force or effect as a statutory recognizance.

Since the trial court was without authority to release appellant's son, the "bond" was void ab initio and appellant is not estopped to assert its invalidity.

The order forfeiting the bond is vacated and set aside.

RICHMOND, C. J., and HATHWAY, J., concur.