641 P.2d 904

The STATE of Arizona, ex rel., Robert K. CORBIN, Attorney General, Petitioner,

v.

The Hon. Robert B. BUCHANAN, Judge of the Superior Court in and for the County of Pima, and Danny Lynn Hudson, Real Party in Interest, Respondents.

No. 2 CA–CIV 4270.

Court of Appeals of Arizona, Division 2.

Jan. 15, 1982.

Rehearing Denied Feb. 10, 1982.

Review Denied March 2, 1982.

Robert K. Corbin, Atty. Gen. by Steven A. LaMar, Asst. Atty. Gen., Phoenix, for petitioner.

Frederick W. McNeill, Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Does the "no bail" mandate of Article 2, § 22(2) of the Arizona Constitution continue when the first felony charge is subsequently dismissed? The respondent court ruled that the constitutional prohibition against bail did not apply where the original charge upon which the defendant was on bond was dismissed. The state challenges this ruling by special action. We agree with the state's position and assume jurisdiction.

On October 6, 1981, the Pima County Grand Jury returned a two-count indictment charging real party in interest Hudson with offenses alleged to have been committed in August and September 1981. Hudson was arraigned on October 22, 1981, and released on bond. Subsequently, the state learned that Hudson had been released on bond on a felony charge in Maricopa County when he committed the instant offenses. It therefore filed a motion to modify the conditions of Hudson's release, and on November 10, 1981, Judge Meehan entered an order granting the state's request that Hudson be held without bond, finding that Hudson had been released on bond in Maricopa County Cause No. 119279 during the commission of the offenses with which he was presently charged in Pima County and that the proof was evident and presumption great that he committed those offenses. The Pima County case was permanently assigned to the respondent judge,

Judge Buchanan, and on December 7, 1981, Hudson filed a motion to modify the conditions of his release. The motion was granted, and Hudson was released on his own recognizance which, in effect, overruled Judge Meehan's order.

In *State v. Garrett*, 16 Ariz.App. 427, 493 P.2d 1232 (1972), this court held that Article 2, § 22 is mandatory and when a person charged with a felony is already admitted to bail, the only determination to be made by the court is whether proof of the new offense is evident or the presumption great. We stated:

"The people of the State of Arizona have spoken through the Constitution by the adoption of Article 2, Section 22. In doing so, it was recognized that in many of the larger cities of our country, due to the length of time it takes to get to trial and due to the fact that the offender is able to post bail, persons committing crimes are able to commit several offenses while out on bail, knowing that on each subsequent offense they will be able to raise bail and that there may be a chance, upon conviction for the first offense, to plea-bargain as to the rest of the offenses or obtain sentences to run concurrently with the sentence imposed for the first conviction. We believe that it is entirely reasonable for the people of Arizona to preclude such occurrences from happening in this state." 16 Ariz.App. at 429, 493 P.2d 1232.

We agree with petitioner that the application of Article 2, § 22 is not predicated upon the disposition of or the merits of the felony charge on which Hudson was admitted to bail. Its application depends upon the fact that Hudson was *admitted to bail* when the present charges were committed. The dismissal of the pending Maricopa County felony charge did not reactivate Hudson's right to release on bail. The respondent court therefore erred in ordering his release.

The order granting Hudson's motion to modify the conditions of release is hereby set aside with directions to enter an appro-

**418**

priate order requiring that Hudson be held without bond and that he be required to turn himself in within 24 hours or that a bench warrant be issued for his arrest.

This opinion shall constitute the mandate of this court without prejudice on the part of the respondents to make the usual and appropriate motions to which they are otherwise entitled.

HATHAWAY and BIRDSALL, JJ., concur.