913 P.2d 500

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable James E. McDougall, a judge thereof, Respondent Judge,**

**Horace Kendrix McGUIRE, Real Party in Interest.**

No. 1 CA–SA 95–0362.

Court of Appeals of Arizona, Division 1, Department E.

Feb. 27, 1996.

Richard M. Romley, Maricopa County Attorney by Diane E.W. Gunnels and Michele M. Iafrate, Deputy County Attorneys, Phoenix, for Petitioner.

Dean W. Trebesch, Maricopa Public Defender by William A. Peterson, Deputy Public Defender, Phoenix, for Real Party in Interest.

## OPINION

GERBER, Judge.

Petitioner State of Arizona sought special action relief from the respondent judge's order releasing real party in interest Horace Kendrix McGuire (McGuire) on his own recognizance pending trial. In a previous order, we accepted jurisdiction and granted relief. This opinion explains that order.

## FACTS AND PROCEDURAL HISTORY

McGuire was charged with burglary and possession of burglary tools. At his initial appearance in justice court, the magistrate ordered that he be detained without bond because he was awaiting trial on a prior forgery charge.

Pursuant to Rule 5.1(a), Arizona Rules of Criminal Procedure, a preliminary hearing was scheduled for October 19, 1995, in justice court.[1] The state was unable to proceed at that time because the testifying officer failed to appear. In a motion to continue, the state requested that the court "release defendant pursuant to Rule 5.1(c)" for that reason.[2] The court granted the motion and released McGuire on his own recognizance.

On October 31, 1995, after the preliminary hearing on the burglary charge, the magistrate found probable cause to believe that McGuire had committed the offense and ordered that he stand trial in superior court. The state did not request the magistrate to hold McGuire without bond at this time and

McGuire continued his release on his own recognizance.

On November 17, 1995, while McGuire was in superior court facing the forgery charge, the state filed a motion to hold him without bond.[3] The respondent judge took McGuire into custody and set the matter for argument. The state subsequently filed a memorandum regarding McGuire's non-bailable status under Article 2, § 22(2) of the Arizona Constitution.

The respondent judge thereafter issued a minute entry order releasing McGuire on his own recognizance pending trial. His minute entry stated in part:

> In this case, the Defendant was held non-bondable at his initial appearance after the Court found that he committed this offense while released on a prior felony and that the proof was evident and the presumption great that he committed another felony while released. On the date set for his preliminary hearing the Defendant was released on his own recognizance when the State was unable to proceed with the preliminary hearing within 10 days after initial appearance as required by Rule 5.1(c) [sic] of the Rules of Criminal Procedure.
>
> Rule 5.1(c) provides for a procedure to hold a defendant charged with a non-bondable offense for more than 10 days but that procedure was not followed in this case.
>
> The Defendant remained released on his own recognizance until his preliminary hearing held on October 31, 1995. At the conclusion of the preliminary hearing the Defendant was bound over for trial to the Superior Court. At that point in time the State could have requested that the Defendant be held non-bondable because they

---

1. Rule 5.1(a) provides that when a defendant is charged with the commission of a felony, "a preliminary hearing shall commence before a magistrate not later than 10 days following defendant's initial appearance if the defendant is in custody...."

2. Rule 5.1(c) provides in part:
 If a preliminary hearing has not been commenced within 10 days as required in Section (a), the defendant shall be released from custody automatically, unless he or she is charged with a non-bailable offense, whereupon the

magistrate shall immediately notify the presiding judge of that county of the delay and the reasons therefor.

3. In its motion, the state incorrectly cited Article 2, § 22(3) of the Arizona Constitution and Arizona Revised Statutes Annotated (A.R.S.) § 13-3961(B). However, in the attached statement of facts, the state correctly argued that McGuire was not bondable because he committed a crime while on release. *See* Ariz. Const. art. 2, § 22(2).

had proven the elements of the applicable statute A.R.S. § 13–3961(B) [sic] and the Arizona Constitution, Article 2, Sec 22(3) [sic]. The record, however, reflects that no such request was made by the State and the Magistrate again released the Defendant on his own recognizance.

The State now files its Motion to Hold Non–Bondable without alleging any new, different or additional circumstances and, on the basis of the transcript of proceedings held in Justice Court at the preliminary hearing, requests that the Court essentially revoke his o.r. release and hold him without bond.

Upon initial presentation of this Motion, the Court feeling that it was well taken and that the Court had no choice but to hold the Defendant in custody without bond, the Defendant was taken into custody and held without bond pending further arguments and briefing. Having considered the authorities cited by the parties, the Court finds that it is bound by the determination of the magistrate to release the Defendant on his own recognizance. By not requesting that the magistrate make the findings necessary to hold the defendant non-bondable after it had presented sufficient evidence to make such findings, the State has waived its right to now ask the Court to make the findings based on the same evidence, and the State having presented no new, additional or different evidence the Defendant's release status cannot now be revoked. *In re Marshall,* 38 Ariz. 424, 300 P. 1011 (1931); *Davis v. Winkler,* 164 Ariz. 342, 793 P.2d 99 (Ariz.App.1990); *Dunlap v. Superior Court,* 169 Ariz. 82, 817 P.2d 27 (Ariz.App. 1991).

In this petition for special action, the state asserts that the respondent judge violated the Arizona Constitution by releasing McGuire on his own recognizance. We accept jurisdiction because the state has no adequate remedy by appeal and because this case addresses an issue of statewide importance, namely the interpretation of Article 2, § 22(2) of the Arizona Constitution.

## DISCUSSION

█ In denying the state's motion to hold McGuire without bond, the respondent judge referred to Article 2, § 22(3) and its implementing statute, A.R.S. section 13–3961(B). However, this case concerns the application of Article 2, § 22(2). Section 22 provides as follows:

All persons charged with crime shall be bailable by sufficient sureties, except for:
1. Capital offenses when the proof is evident or the presumption great.
2. Felony offenses, committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge.
3. Felony offenses if the person charged poses a substantial danger to any other person or the community, if no conditions of release which may be imposed will reasonably assure the safety of the other person or the community and if the proof is evident or the presumption great as to the present charge.

Arizona Revised Statutes Annotated section 13–3961 implements §§ 22(1) and (3) but does not address § 22(2), the applicable subsection.

The cases cited by the respondent judge in his minute entry do not support the conclusion that McGuire's release status could not be revoked. In *In re Marshall,* 38 Ariz. 424, 300 P. 1011 (1931), the magistrate decided the specific issue whether the proof was evident or the presumption great at the preliminary hearing. The magistrate there found it was not. In contrast, the transcript of McGuire's preliminary hearing shows that no evidence was presented to the magistrate regarding McGuire's non-bailable status. This issue was presented for the first time to the respondent judge. The information contained in the state's motion to hold McGuire without bond—that he was released on bail on the prior forgery charge when he committed the new burglary offense and that proof was evident and the presumption great that he committed burglary and therefore was not bondable—was "new" information because it had not been previously presented to, considered by, and ruled upon by the magistrate.

The doctrine of *res judicata* therefore did not prevent the respondent judge from ruling upon this issue.

Recent case law supports this view. In *Davis v. Winkler*, 164 Ariz. 342, 793 P.2d 99 (App.1990), the state petitioned the court to reconsider Davis' release conditions based upon new information it had acquired about a prior incident in which Davis assaulted and threatened to kill his estranged wife and four daughters. Pursuant to Article 2, § 22(3) and A.R.S. section 13-3961(B), the state asked that Davis be held without bond pending trial because he posed a substantial danger. The trial court granted the petition and ordered that he be held without bond.

In Davis' ensuing special action, the court held that the state's petition to reconsider Davis' release conditions could be considered at any time:

> It strains logic to hold, as Davis urges us to do, that where the state obtains information clearly indicating that a defendant is a danger to an individual or society, the state and the court are powerless to change any release conditions previously imposed and are required to allow the accused to remain at large. We do not believe the legislature intended that the provision be used to such an end, nor do we think the language of the statute requires it. The court may review and amend release conditions at any time, and the subsequent discovery of additional information indicating that the accused is not bailable is a sufficient reason to do so. *See* Ariz.R.Crim.P. 7.4(c), 17 A.R.S. The fact that the rules permit an accused to seek reexamination of the conditions of release, Ariz.R.Crim.P. 7.4(b), does not mean that the court is prevented from reviewing those conditions at the request of the state.

*Id.* at 346, 793 P.2d at 103.

The *Davis* court also disagreed with Davis' argument that the prior order was *res judicata* :

> The judge who initially ordered Davis's release conditions was simply given the opportunity to reconsider his order based upon information not previously before him. Under the circumstances, we find *Marshall* to be inapplicable. Moreover,

the issue of whether Davis was bailable was not fully litigated, given the fact that new information was presented.

*Id.* at 347, 793 P.2d at 104.

Here, the respondent judge denied the state's request to hold McGuire without bond because he believed that the state failed to present the "new, additional or different evidence" required by *Davis*. However, because the state did not present the bail issue to the magistrate at the preliminary hearing, that information was truly before the respondent judge for the first time. Because the issue had not been "fully litigated" before the magistrate, the prior order releasing McGuire on his own recognizance was not *res judicata.*

 Further, we disagree with the respondent judge that the state waived its right to seek to hold McGuire without bond merely because it failed to make such a request at the time of the preliminary hearing. Like the court in *Davis*, we do not believe that when evidence warrants, the state and court are powerless to change release conditions previously imposed. "The court may review and amend release conditions at any time." *Davis*, 164 Ariz. at 346, 793 P.2d at 103. The state should not have been precluded from having its motion granted on the basis that it had failed to present it previously at the preliminary hearing.

In the third case cited by the respondent judge, *Dunlap v. Superior Court*, 169 Ariz. 82, 817 P.2d 27 (App.1991), Dunlap was released on his own recognizance by a magistrate after his initial appearance on a murder charge. In order to establish that "the proof is evident or the presumption great" that he committed a capital offense under Article 2, § 22(1), the state needed the testimony of John Harvey Adamson, who had been convicted of the same homicide. At the time of the initial appearance, however, the state had not reached an agreement to secure Adamson's testimony.

The state filed a motion to revoke Dunlap's release once the agreement was signed. Dunlap brought a special action challenging

the magistrate's decision to consider this issue. The *Dunlap* court held that

a court has the power to consider a request for modification of bail status if additional information becomes available after the prior determination.

The issue then becomes whether there is some new evidence available to the State that would allow review of the conditions of petitioner's release.

*Id.* at 87, 817 P.2d at 32 (citation omitted).

The court rejected Dunlap's argument that Adamson's testimony was not new evidence because the state was aware of it at the time of the initial appearance and that "the State waived its right to establish art. II, § 22 requirements by not doing so at the initial bail determination." *Id.* at 87–88, 817 P.2d at 32–33. The court found that because the state could not rely on Adamson to provide the necessary testimony until the agreement had been formalized, the testimony could be considered "newly available evidence" that provided reason for reconsidering Dunlap's bail status. *Id.* at 88, 817 P.2d at 33.

Because the magistrate here made no "prior determination," the evidence contained in the preliminary hearing transcript was "newly available evidence" that the respondent judge properly could evaluate in considering McGuire's bail status.

Additional case law supports our decision. *State v. Garrett,* 16 Ariz.App. 427, 493 P.2d 1232 (1972), noted that bail decisions "are normally questions solely for the state to decide." *Id.* at 428–29, 493 P.2d at 1233–34. However, by the adoption of Article 2, § 22(2), "[t]he people of the State of Arizona have spoken" to keep repeat offenders from continuing to commit crimes while out on bail. *Id.* at 429, 493 P.2d at 1234. In holding that the word "shall" in § 22(2) is mandatory, *Garrett* stated:

Respondent and real party in interest contend that the word "shall" as used in the constitutional amendment is merely directory and not mandatory. We do not agree. To interpret the constitutional provision in such a manner would be to completely subvert its purpose and relegate bail determination to the conditions that existed prior to the time that the constitutional provision was approved by the people. We refuse to adopt such a construction. The language is mandatory. When a person charged with a felony is already admitted to bail the only determination to be made by the court is whether proof of the new offense is evident or the presumption great.

*Id.*

In light of *Garrett*'s holding that the provisions of Article 2, § 22(2) are mandatory, the state cannot waive the right to have the court consider a defendant's bail status based merely on the state's failure to so request at the first hearing at which it possesses the requisite information. Here, the respondent judge acknowledged in his minute entry that the state had presented sufficient evidence at the preliminary hearing to find that the proof was evident and the presumption great that McGuire committed the burglary offense. Accordingly, under § 22(2), he needed to hold McGuire without bond.

Under *Garrett,* the state does not strictly need to present "new, additional or different evidence" to justify the court's reconsideration of a defendant's bail status. It was sufficient that the respondent judge became aware of McGuire's non-bailable status after the state's invocation of Article 2, § 22(2). Under *Garrett,* the respondent judge then was required to revoke his release.

## CONCLUSION

Our review of the preliminary hearing transcript confirms that sufficient evidence exists to show that proof is evident and the presumption great that McGuire committed burglary. Because he was released on bail on a prior charge when he presumably committed this offense, under Article 2, § 22(2) his bail must be revoked. Accordingly, the release order of the respondent judge is vacated. McGuire is to be held without bond pending trial.

VOSS and THOMPSON, JJ., concur.