IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| IN RE BOND FORFEITURE IN COCHISE | ) | 2 CA-CV 2012-0161 |
| COUNTY CAUSE NO. CR201100916 | ) | DEPARTMENT B |
| | ) | |
| | ) | O P I N I O N |
| | ) | |
| | ) | |
| _____ | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201100916

Honorable John F. Kelliher, Jr., Judge

AFFIRMED

---

T.S. Hartzell                                                                    Tucson
                                                                    Attorney for Appellant
                                                                    Azteca Bail Bonds, LLC


Edward G. Rheinheimer, Cochise County Attorney
  By Roger H. Contreras                                                           Bisbee
                                                                    Attorneys for Appellee
                                                                    State of Arizona

---

K E L L Y, Judge.

¶1          Appellant Azteca Bail Bond, LLC, (Azteca) challenges the trial court's judgment forfeiting a $75,000 appearance bond it had posted on behalf of a criminal defendant. Azteca argues the trial court erred by ordering forfeiture because the bond was void and unenforceable under article II, § 22 of the Arizona Constitution. We affirm.

**Factual and Procedural Background**

¶2 We view the facts in the light most favorable to upholding the court's ruling. *In re Bond Forfeiture in Pima Cnty. Cause No. CR-20031154*, 208 Ariz. 368, ¶ 2, 93 P.3d 1084, 1085 (App. 2004). In December 2011, Dane Kendrick was arrested and indicted on eight felony charges. Neither the state nor the court was aware at Kendrick's initial appearance that he had been on release for felony charges in Pima County at the time he allegedly committed the Cochise County offenses. The magistrate determined Kendrick was eligible for release and set an appearance bond of $75,000.

¶3 In January 2012, surety Azteca posted the bond. After Kendrick failed to appear at pre-trial conferences in March and April, the trial court issued a warrant for his arrest. The court also issued an order to show cause why the bond should not be forfeited to the state. Azteca filed a motion to exonerate the bond, arguing it was void because the court had "ignored the mandate" of article II, § 22 and had been without authority to order Kendrick's release. After a hearing, the court denied Azteca's motion, finding that the state "has the discretion to pursue a request that no bail be afforded an accused" and that "Kendrick's release on bail was not without authority." It ordered the $75,000 bond forfeited. This appeal followed.

**Discussion**

¶4 Azteca argues the trial court erred as a matter of law by ordering the $75,000 bond forfeited. It contends, as it did below: (1) the court exceeded its authority, as limited by article II, § 22 of the Arizona Constitution, when it set bail for Kendrick

2

without first determining whether he was on release, and (2) the court erred by concluding the state did not have a duty to notify the court of Kendrick's release status prior to bond being set. As a result, Azteca contends the bond in this case was "void and unenforceable."

**¶5** We review a trial court's order forfeiting an appearance bond for an abuse of discretion. *Bond Forfeiture in Pima Cnty. Cause No. CR-20031154*, 208 Ariz. 368, ¶ 2, 93 P.3d at 1085. But we review its legal conclusions de novo, including the interpretation of constitutional language. *State v. Lee*, 226 Ariz. 234, ¶ 9, 245 P.3d 919, 922 (App. 2011); *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 27, 181 P.3d 219, 229 (App. 2008). We interpret constitutional provisions by determining the "'intent of the electorate that adopted it.'" *See Lee*, 226 Ariz. 234, ¶ 9, 245 P.3d at 922, *quoting Heath v. Kiger*, 217 Ariz. 492, ¶ 9, 176 P.3d 690, 693 (2008). The plain language of the provision is the best reflection of that intent. *Id.*

**¶6** Article II, § 22 provides, in relevant part:

> **A.** All persons charged with crime shall be bailable by sufficient sureties, except:
>
> . . . .
>
> 2. For felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge. . . .

**¶7** "Although there is no right to bail, because of the potential for a compromise of personal liberty, there is a presumption in favor of bail." *Simpson v.*

3

*Owens*, 207 Ariz. 261, ¶ 26, 85 P.3d 478, 487 (App. 2004). Because a defendant is presumed innocent, the state bears the burden of proving an exception to the right to bail, including the burden "to demonstrate the proof is evident or the presumption great that the accused committed the offense at issue." *Id.* ¶¶ 27, 47 (discussing article II, § 22(A)(1)); *see also Martinez v. Superior Court*, 26 Ariz. App. 386, 387, 548 P.2d 1198, 1199 (App. 1976) (state has "burden of showing that the right to bail is limited rather than absolute"). "[I]f the state alleges a defendant is not entitled to bail under the Arizona Constitution, due process requires that the defendant receive a full hearing at which the defendant may be represented by counsel, cross-examine witnesses, and present evidence." *Segura v. Cunanan*, 219 Ariz. 228, ¶ 1, 196 P.3d 831, 833 (App. 2008).

¶8 Once the state has proven an exception to the right to bail pursuant to article II, § 22—including that proof of the new offense is evident or the presumption great—the court does not have discretion to admit the accused to bail. *State v. Garrett*, 16 Ariz. App. 427, 429, 493 P.2d 1232, 1234 (1972). In *Garrett*, the state sought special action relief after the trial court set bond for the defendant—who already had been admitted to bail on other felony offenses—arguing he was not bailable pursuant to article II, § 22. *Id.* at 428, 493 P.2d at 1233. This court quashed the order setting bond, finding the state had established the proof was evident and the presumption great as to the present charge and the court had released the defendant "solely upon the theory that the constitutional provision was not mandatory." *Id.* at 429, 493 P.2d at 1234. We reasoned that allowing the trial court to release the defendant after the state had proven the bail

4

exception would "completely subvert [the provision's] purpose and relegate bail determination to the conditions that existed prior to the time that the constitutional provision was approved by the people." *Id.* In *State v. Swinburne*, this court clarified that when an accused is released without authority, the bond is void ab initio and a surety is not estopped to assert its invalidity. 121 Ariz. 404, 405, 590 P.2d 943, 944 (App. 1979) (forfeiture improper where trial court had no authority to release capital defendant when proof evident and presumption great).

¶9 Azteca argues article II, § 22, as interpreted by *Garrett*, "impose[d] a duty on the . . . [trial] court[] to determine [whether Kendrick was] on release for a felony offense before setting bail" and suggests the court was required to hold him until it had determined whether the proof was evident or the presumption great. The provision's language and relevant case law, however, do not support Azteca's argument; instead, both require the court to presume Kendrick was bailable unless the state proved otherwise. *See Lee*, 226 Ariz. 234, ¶ 9, 245 P.3d at 922 (plain language of constitutional provision best reflection of electorate's intent); *Simpson*, 207 Ariz. 261, ¶¶ 26-27, 85 P.3d at 487. And although *Garrett* clarified that the court would not have had the authority to release Kendrick had the state proven an exception to the right to bail, it did not impose a burden on the court to determine a defendant's release status in the absence of such proof. 16 Ariz. App. at 428-29, 493 P.2d at 1233-34. Similarly, in *Swinburne*, we set aside the bond only after the state had proven the proof was evident and the presumption great as to the defendant's capital charge. 121 Ariz. at 404-05, 590 P.2d at 943-44.

5

**¶10** Azteca also argues the court erred by finding "the State ha[d] the discretion to pursue a request that no bail be afforded an accused" because the finding implied the state was not required to determine whether an accused was on release and "exempted the state from the requirements of the Arizona Constitution." At the hearing, Azteca conceded the state did not have a duty "to seek a hearing to prove the proof is evident, the presumption great" pursuant to article II, § 22. *See State v. Murphy*, 113 Ariz. 416, 418, 555 P.2d 1110, 1112 (1976) (court generally cannot interfere with prosecutor's exercise of discretion in criminal justice system unless acting illegally or in excess of powers). Nonetheless, it argued the state must inform the court if it "declines to attempt to prove the proof evident and the presumption great" when a defendant is on release. On appeal, Azteca phrases the requirement as "a burden [on the state,] which includes informing the trial court that the no-bail provision may apply" and "that a defendant may not be entitled to bail" based on his release status. It argues the state is required to follow whatever procedures are necessary to enforce the provision because *Garrett* determined article II, § 22 was "mandatory." Once again, Azteca's argument misconstrues the meaning of "mandatory" as it is used in *Garrett*. That case held the trial court was mandated to deny bail after the state had proven an exception to the right to bail; it did not provide the court a basis to impose additional procedural requirements on the state. 16 Ariz. App. at 428-29, 493 P.2d at 1233-34; *see also State ex rel. Romley v. Ballinger*, 209 Ariz. 1, ¶ 6, 97 P.3d 101, 102 (2004) (inferior courts may not supplement or supersede state supreme court's power to enact court rules).

6

**¶11** Azteca argued at the hearing below that "it's not the job of the bond company . . . to go look up everything" about an accused's status. However, "[i]t is well settled in this jurisdiction that a surety assumes the risk of a defendant's failure to appear." *Bond Forfeiture in Pima Cnty. Cause No. CR-20031154*, 208 Ariz. 368, ¶ 4, 93 P.3d at 1085-86. "[W]e know of no authority that imposes a duty on the state to seek out a surety and furnish it information about a criminal defendant . . . ." *Id.* "To the contrary, no one but the surety had any duty to ascertain the wisdom or folly of contracting with the defendant to post a bond that would secure his appearance in court." *Id.*

**¶12** Azteca has not established the trial court acted "without authority" when it released Kendrick. *See Swinburne*, 121 Ariz. at 405, 590 P.2d at 944. Therefore, the bond is valid, and the court did not err in ordering its forfeiture.

**Disposition**

**¶13** For the foregoing reasons, the trial court's judgment is affirmed.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge