NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE PHEMONIA MILLER,
Commissioner of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA, *Respondent Commissioner*,

CHARLES EDWARD MARTIN, *Real Party in Interest*.

No. 1 CA-SA 15-0226
FILED 9-15-2015

_____

Appeal from the Superior Court in Maricopa County
No. CR2014-155798-001
The Honorable Phemonia Miller, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Catherine Leische
*Counsel for Petitioner*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

**¶1**          In this special action, the State of Arizona seeks reversal of the trial court's order granting Defendant/Real Party in Interest, Charles Edward Martin ("Martin"), release on bail.  For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**          On August 20, 2014, Martin was released on his own recognizance, pending trial on a class 4 felony of aggravated assault.[1]  He was later charged in the present case with failure to register as a sex offender, a class 4 felony.  At the initial appearance of the present case, the court found Martin nonbailable.  While the present case was pending, however, the case on aggravated assault was dismissed without prejudice.  After the dismissal, Martin requested a hearing on his release status in this case.  *See Simpson v. Owens*, 207 Ariz. 261, 85 P.3d 478 (App. 2004).

**¶3**          During the *Simpson* hearing, the State argued that, pursuant to Article 2, Section 22, of the Arizona Constitution, Martin was not bondable because the proof was evident or the presumption great that Martin had committed the current charged felony while admitted to bail on a separate felony charge.  The State contended that the fact of the prior charged offense and the timing of the present offense was a matter of court record, and it was not required to further affirmatively show that Martin was on release when committing the present offense.  In the alternative, the State asked the court to confirm in its records that Martin was on release status at the time the present offense was committed.  Apparently, the court did not check the record and instead found that, although the State had met its burden of showing Martin had committed the present offense, it had not

---

[1]      Martin's release condition was initially set as release on bond but later modified to release on his own recognizance.

met its burden of showing Martin was on release when committing the present offense. As a result, the court held Martin was bondable.

¶4    The State then filed a motion to reconsider, asking the court to take judicial notice of the fact that Martin was on release status at the time he committed the present offense. Martin did not file a response to the motion. During a subsequent bond hearing, the State offered the court certified copies of the minute entry showing Martin had been on release status; however, the court declined to consider the State's pending motion to reconsider until Martin submitted a written response. The court then set a bond in the present case.

¶5    This petition for special action followed. In its petition, the State argues that it was not required to affirmatively show Martin was on release, and contends the trial court should have simply consulted the court records during the *Simpson* hearing or, in the alternative, accepted the certified copies of those records offered during the bond hearing. The State asks this court to reverse the trial court's grant of bail. Martin has not filed any response to the petition.

## JURISDICTION

¶6    We accept jurisdiction because the State does not have an equally plain, speedy, or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a).[2]

## ANALYSIS

¶7    Under the Arizona Constitution, "[a]ll persons charged with crime shall be bailable . . . except [f]or felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge."[3] Ariz. Const. art. 2, § 22(A)(2). This type of regulation of a defendant's rights to bail has been upheld as constitutional. *United States v. Salerno*, 481 U.S. 739, 752, 755 (1987). This court has enforced the constitutional provision even where, as here, the charges in the first case are

---

[2]    We cite the current version of the applicable statute unless revisions material to this decision have occurred since the events in question.

[3]    Although the term "admitted to bail" is used in the constitutional provision, this exception to bail applies equally to individuals, like Martin, who have been released on their own recognizance. *Heath v. Kiger*, 217 Ariz. 492, 493, ¶ 1, 176 P.3d 690, 691 (2008).

dismissed while the second criminal case is pending. *See State ex rel. Corbin v. Buchanan*, 131 Ariz. 416, 417, 641 P.2d 904, 905 (App. 1982). Dismissal of the first case does not eliminate the fact a second offense was committed while the defendant was on release status from an earlier felony charge. *Id.* The inquiry stays the same: Whether the proof is evident or the presumption great that the defendant committed the current offense, and whether the offense was committed while the defendant was on release status from the first charged felony offense. *Id.* If such proof is presented, the charged second offense serves as a disqualification for being admitted to bail or other release status.

¶8        The State bears the burden of proving both prongs of this exception to bail. *See Simpson*, 207 Ariz. at 270, ¶ 27, 85 P.3d at 487. That is, contrary to the State's assertion, it is required to affirmatively show Martin was on release when the present charge was committed. The State argued, essentially, that the trial court could, after allowing Martin to be heard on the issue, take judicial notice of Martin's release status by simply referring to existing court records. *See* Ariz. R. Evid. 201(b)(2) (stating the court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). This may be true; however, the State could have better assisted the court by having that record in hand for the court's review at the *Simpson* hearing. *See* Ariz. R. Evid. 201(c)(2) (stating the court "must take judicial notice if a party requests it and the court is supplied with the necessary information"). When that record was offered to the trial court at the subsequent bond hearing, the court should have either accepted it then, or deferred its ruling on the bond request until the defendant could submit his written response to the State's pending motion for reconsideration. In any event, Martin is not bondable, and the trial court erred in granting release status.

## CONCLUSION

¶9        For the foregoing reasons, we accept jurisdiction and grant relief. The trial court's grant of bail is reversed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama